Leona DUNCAN, joined pro forma by her husband, Doyle Duncan, Appellants,

v.

The FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.

No. 23833.

United States Court of Appeals
Fifth Circuit.

Jan. 23, 1967.

Roger C. Butler, Francis I. Gandy, Jr., and Butler, Schraub & Gandy, Corpus Christi, Tex., for appellants.

James W. Wray, Jr., and Lewright, Dyer & Redford, Corpus Christi, Tex., for appellee.

Before TUTTLE, Chief Judge, and AINSWORTH and DYER, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal in a Texas Workmen's Compensation case. On appeal, the appellant, the original plaintiff, seeks to recast the issues from those which were presented to the jury in the trial court. Stated briefly, the issues formed for presentation to the trial court arose in the following manner. Mrs. Duncan, a waitress, was injured under circumstances that caused the appellee, the defendant insurance carrier, to admit liability and to pay compensation for approximately one year, after which time appellee tendered an operation for the employee's back injury. Thereupon, the Texas Industrial Accident Board, upon having the plaintiff examined, ordered surgery by unanimous vote of the Board as required by Article 8306, Rev. Civ.Stat. of Tex. The plaintiff refused surgery, whereupon the Board entered its final order on June 2, 1964, which order was appealed from by the filing of suit in the United States District Court for the Southern District of Texas.[1]

Because of the issues now sought to be raised in this court, it is necessary to reproduce the order of the Commission, dated April 30, 1964, by which the surgery was required. The essential part of this order was as follows:

"The Board finds that Demand for Surgical Operation was filed by The Fidelity & Casualty Company of New York, and the Board caused to be made by Dr. Herbert V. Burns of Corpus Christi, Texas, a report in writing as to advisability of performance of surgical operation. This report, dated April 24, 1964, states, and the Board unanimously finds, that a surgical operation should be performed on Leona Duncan, injured employee, that such operation is not ordinarily unsafe and will materially benefit and will improve claimant's condition. Therefore, the Board unanimously directs the said Leona Duncan to submit herself to a surgical operation on her back at the hands of Dr. Stephen A. Williams of Corpus Christi, Texas, assisted by Dr. Herbert V. Burns of Corpus Christi, Texas, if necessary, within the next 20 days from the date of this order in a hospital to be chosen by Dr. Stephen A. Williams. The expense of said operation and hospital expense in a reasonable value thereof is to be provided and paid for by the Fidelity & Casualty Company of New York.

\* \* \* \* \* \*

1. The only species of appeal from the findings of the Industrial Accident Board of Texas is by a suit de novo. Such a suit can, of course, be filed in the appropriate Texas court or, if diversity and the jurisdictional amount exists, in the appropriate United States district court.

648

"This is not a final award. When employee has reached maximum recovery or if either party fails or refuses to accept this order, upon notification, the Board will reschedule the claim for a hearing at a later date to be heard on merits and final award. Unanimously ordered by the Board, this the 30th day of April, 1964."

As has been noted above, Mrs. Duncan declined to submit to the operation, whereupon a subsequent order was issued on June 2nd, in the following language: "On date of hearing after due notice to all parties, came the above numbered and described claim for compensation to be considered by the Industrial Accident Board, and the Board finds and orders: * * * (7) Special Findings and Orders; On review of Order of the Board dated April 30, 1964, the Board finds that for reasons unknown to this Board, the Claimant has refused and failed to undergo surgery as ordered by this Board on April 30, 1964. Therefore, final award entered this date, June 2, 1964, supercedes order entered April 30, 1964. That following infliction and injury, named insurer assumed liability and made payments of compensation. The Board finds that the evidence submitted fails to establish that the claimant suffered further disability than that for which compensation has heretofore been paid. Therefore, claim for additional compensation is denied. * * * This is the final award of the Board. * * * "

■ The parties are agreed that under the Texas law, upon a unanimous determination by the Board that surgery is to be ordered, that surgery will materially benefit and improve the employee and that such surgical operation is not more than ordinarily unsafe, a refusal of such tendered surgery limits the period of compensation to 52 weeks.[2] Thus it is, when the suit was filed and the pretrial hearings were held, the parties entered into a stipulation, agreeing to all of the essential facts and also agreeing to the "issues in controversy." These issues in controversy were as follows:

(1) Will surgery upon Leona Duncan materially benefit and improve her condition?

(2) Is such surgical operation more than ordinarily unsafe?

(3) Did Leona Duncan have any total disability from and after 58 weeks of the date of her alleged injury?

(4) Did Leona Duncan have any partial disability from and after 58 weeks from the date of her alleged injury?

(5) What is Leona Duncan's average weekly wage?

The jury, upon charges not objected to in any area material to this appeal, found the issue stated in Number (1) above in the affirmative, and the second issue in the negative.

Upon the further interrogatories submitted, the jury found that there was total disability following May 21st, 1964, the date of the last compensation payment, and that such total disability would be permanent.

Both parties moved for a directed verdict in light of the answers to the interrogatories. The plaintiff, having made an effort during the trial to prove that the operation would not have materially

2. The applicable language is to be found in Art. 8306, Section 12b, Rev.Civ.Stat. of Tex. This section relates to hernia, but, by reference in Section 12e, the following language is made applicable to other surgical procedures: "If the examination and the written report thereof and the expert opinions thereon then on file before the board do not show to the board the existence of disease or other physical condition rendering the operation more than ordinarily unsafe and the board shall unanimously so find and so reduce its findings to writing and file the same in the case and furnish the employee and the association [insurance carrier] with a copy of its findings, then if the employee with the knowledge of the result of such examination, such report, such opinions and such findings, thereafter refuses to submit within a reasonable time, which time shall be fixed in the findings of the board, to such operation, he shall be entitled to compensation for incapacity under the general provisions of this law for a period not exceeding one year."

benefited and improved her condition, and that it would have been more than ordinarily unsafe, and having lost the verdict as to these two factors, now sought for the first time to contend that these issues were irrelevant, since, as she contended, the final order of June 2 superseded the earlier order requiring submission to surgery and such final order should be treated merely as denial by the Board of any added compensation because of the lack of any further impairment in Mrs. Duncan's earning capacity. The defendant, on the other hand, moved for a directed verdict on the ground that, the jury having found the necessary facts to support the Board's issuing of the order for surgery, and compensation having been paid for more than 52 weeks prior to the suit, it was entitled to be discharged from all further liability.

We share the trial court's reluctance to give serious consideration to the new contention made by the plaintiff after the jury had decided the issues that the two parties agreed were before it for decision. It was not until after the jury found that the tendered operation would materially benefit Mrs. Duncan and that such operation was not more than ordinarily unsafe that she, for the first time, took the position that the Board's order of April 24th requiring the operation had been revoked and cancelled out by the order of June 2. However, we are also reluctant, as was the trial court, to ignore the contention if it can be properly noticed on the record as it stands.

The appellant takes the position that the use of the words "Therefore, final award entered this date, June 2, 1964, supercedes order entered April 30, 1964" has the effect of destroying the effectiveness of the part of the April 30th order requiring submission to surgery and leaving only an adjudication as of June 2, that no further compensation was to be allowed, thus leaving an appealable order to be reviewed de novo in the trial court on the simple issue of whether the Board correctly found that, as of June 2, 1964, Mrs. Duncan was suffering from no compensable injury.

The appellee takes the position that the word "supercedes" denotes merely a supplanting of the earlier order to the extent of making it a final order, which is required in order that an appeal can be prosecuted; that, since the maximum of 52 weeks had been paid under circumstances where an operation had been refused, the rest of the order denying any further compensation followed as a matter of course.

It is settled law that the remedy afforded by the Texas Workmen's Compensation statutes is exclusive; that the jurisdiction of the District Court is a special jurisdiction and that in a Workmen's Compensation case every step provided in the statutes must be taken as there prescribed. Heard v. Texas Compensation Insurance Co., 5 Cir., 87 F.2d 30, citing Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084. As contended by the appellant here, the Texas courts have held that it would be inappropriate to submit to the trial court jury an issue of the tender of surgery unless such surgery had been ordered by an effective order of the Board. Moreover, the Texas Supreme Court has held in Truck Insurance Exchange v. Seelbach, 161 Tex. 250, 339 S.W.2d 521, that it is error to permit testimony to be introduced upon the trial de novo tending to prove that an operation, if submitted to, would have been beneficial to the injured employee.

These cases, however, do not assist us in determining the effect of the June 2nd final order of the Board. We think this order must be construed in the light of the Texas statute which provides for the tender of an operation, such as was clearly and unequivocally done by the earlier order. As we have noted above, Section 12b of Article 8306, which is applicable here, provides that upon the findings that were made by the Board here, "then if the employee, with the knowledge of the result of such examination, such report, such opinions and such findings, thereafter refuses to submit within a reasonable time, * * * to such operation, he shall be entitled to

compensation for incapacity under the general provisions of this law for a period not exceeding one year." Thus, unless the order of June 2nd expressly withdrew and made nugatory the order directing Mrs. Duncan to submit to surgery, is unimportant what form the order took in terminating compensation payments because the Board had no statutory power to extend the payments beyond the date of the order, 52 payments having already been made by the insurance carrier. Not only did the June 2nd order not expressly nullify the earlier order requiring surgery, it referred to it, obviously for some reason, in the following manner: "The Board finds that for reasons unknown to this Board, the claimant has refused and failed to undergo surgery as ordered by this Board on April 30th, 1964. Therefore, final award, etc." Far from indicating that the Board intended to revoke its order that Mrs. Duncan undergo surgery, the Board clearly was positing its June 2nd action upon the failure of Mrs Duncan to submit. Under these circumstances, the Board had no power to enter any other order relating to compensation than to deny further compensation. The fact that the Board did so by using language that might more appropriately be used to express a finding that there was no further disability being suffered by the claimant is not material because the effect is the same. The use of this language does not, of itself, work a nullification of the earlier order requiring Mrs. Duncan to submit to the operation.

The fact that counsel for the appellant, both by stipulation and by conduct throughout the submission of the issues to the jury, recognized the continuing effectiveness of the order requiring surgery, confirms our conclusion, and that of the trial court, that the jury's answers to the first two interrogatories required a termination of the case by the entry of a judgment for the appellee insurance carrier.

The judgment is affirmed.