HARRIS COUNTY, Texas and Harris County Flood Control District, Appellants,

v.

Albert FRANKS, Appellee.

No. 01–93–00442–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 17, 1994.

Rehearing Denied May 19, 1994.

Mike Driscoll, A.B. Crowther, Jr., Houston, for appellant.

John T. Kirtley, III, Dudensing & Webb, Houston, for appellee.

Before O'CONNOR, WILSON and PRICE,* JJ.

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

**2**

## OPINION

PRICE, Justice (Assigned).

This is an appeal from a summary judgment. We affirm.

### FACTUAL BACKGROUND

Albert Franks was employed by Harris County at the time he sustained an injury. He was awarded $5,596.10 by the Industrial Accident Board (Board) on August 4, 1989. Harris County appealed the award. Suit was filed in county court; however, Harris County never obtained service upon Franks.

On June 7, 1990, the county court issued a notice of its intent to dismiss the suit because of Harris County's failure to prosecute. The notice stated the suit would be dismissed on July 27, 1990, unless Harris County could show good cause why the case should remain on the docket. Harris County failed to respond to the notice. As a result, the court dismissed Harris County's suit on July 27, 1990.[1] Harris County never attempted to have the matter reinstated, nor did it appeal the court's action dismissing the suit.

After the judgment of dismissal became final, and Harris County failed to comply with the Board's order of payment, Franks filed suit in district court to mature the award. Once Harris County answered the suit, Franks moved for summary judgment, which the trial court granted.

Harris County, in five points of error, asserts the trial court erred in granting Frank's motion for summary judgment. It argues the evidence was legally and factually insufficient to establish, as a matter of law, there was no genuine issue of material fact and thus, Franks was not entitled to penalties, interest, and attorney's fees.

In a summary judgment case, the issue on appeal is whether the movant met its burden of establishing the lack of any genuine issue of material fact thereby entitling him to judgment as a matter of law. *Williams v. Glash,*

789 S.W.2d 261, 264 (Tex.1990). All evidence favorable to the nonmovant will be taken as true and every reasonable inference must be indulged in favor of the nonmovant. *Continental Casing Corp. v. Samedon Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988); *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985); *RTC v. Ammons,* 836 S.W.2d 705, 709 (Tex.App.—Houston [1st Dist.] 1992, no writ).

■ Article 8307, section 5 of the Workers' Compensation Act that was in effect during this lawsuit provided:

> If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute *and prosecute* a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; and, if the same is against the association, it shall at once comply with such final ruling and decision. . . .

(emphasis added). TEX.REV.CIV.STAT.ANN. art. 8307, § 5.[2]

Harris County appealed the Board's award when it filed suit in county court. However, Franks was never served with citation. Subsequently, the court dismissed Harris County's suit because it failed to prosecute with due diligence. Harris County never objected, never attempted reinstatement, and never appealed the judgment of dismissal. Harris County states that such actions were not required and, that by merely filing suit, it did everything necessary to vacate the Board's award and prohibit it from maturing. We disagree.

■ At the time of dismissal, the county court did not have jurisdiction over Franks. As long as Franks remained unserved, he was not before the court as a party and the court was powerless to hear and determine the issues. Harris County's failure to have Franks served with citation constituted a failure to comply with the provisions of TEX. REV.CIV.STAT.ANN. art. 8307, § 5a and the

---

1. A trial court has the authority under TEX. R.CIV.P. 165a to dismiss a lawsuit for the party's failure to prosecute it with due diligence. *Veteran's Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex.1976).

2. Act of May 23, 1977, 65th Leg., R.S., ch. 412, § 1, 1977 Tex.Gen.Laws 1113, *repealed by* Act of Dec. 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.-01(10) to (12), 1989 Tex.Gen.Laws 1, 114.

mere filing of the suit did not vacate the Board's award. *Mosqueda v. Home Indem. Co.*, 443 S.W.2d 901, 907 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.).

■ Harris County argues that summary judgment evidence indicated that during pendency of the suit appealing the award, Franks was intentionally avoiding service and his attorney stated he would accept service. Harris County never presented this evidence in county court, or on appeal, to challenge the dismissal. It, therefore, waived this as a complaint to defeat the dismissal, and this evidence is not competent now to affect the summary judgment.

■ It is not permissible for a party against whom an award has been given to defeat the purpose of the law by appealing to a court of competent jurisdiction, and before the court acquires jurisdiction of the parties and the subject matter, allow the case to be dismissed, abrogate the award, and destroy the interests of the parties. *Texas Reciprocal Ins. Ass'n v. Leger*, 128 Tex. 319, 97 S.W.2d 677, 679 (1936).

Points of error one, two, three, and five are overruled.

In point of error four, Harris County argues Franks is not entitled to penalties, interest, and attorney's fees because he produced no summary judgment evidence to establish the value of such fees.

■ As part of the original award, the Board ordered the maximum statutory amount allowable for attorney's fees. Here, Franks' attorney is seeking only those fees originally awarded by the Board, and not any additional fees he may have earned for representing Franks in his suit to mature the award. Because the attorney's fees in question are part of the original award, our disposition of this issue is the same as discussed previously for the other points of error.

The assessment of penalties and interest are statutory and upon maturing of the award are proper. TEX.REV.CIV.STAT.ANN. art. 8307, § 5a.[3] They are not an issue in this summary judgment.

Point of error number four is overruled.

The judgment of the trial court is affirmed.

---

**3.** Act of May 17, 1985, 69th Leg., R.S., ch. 644, § 1, 1985 Tex.Gen.Laws 2390 *repealed by* Act of Dec. 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.-01(10) to (12), 1989 Tex.Gen.Laws 1, 114.