**PLANET INSURANCE COMPANY,**
Appellant,

v.

**Manuel SERRANO, Appellee.**

No. 04–95–00758–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 13, 1996.

Wallace B. Jefferson, Sunny J. Jansma, Crofts, Callaway & Jefferson, P.C., Lisa A. Vance, Jenkens & Gilchrist, Groce, Locke & Hebdon, Jeffrey G. House, Groce, Locke & Hebdon, P.C., San Antonio, for appellant.

Bruce M. Miller, Law Office of Bruce M. Miller, P.C., Laura Dawn Heard, Law Office of Laura D. Heard, San Antonio, for appellee.

Dan Morales, Atty. Gen., Harry Deckard, Asst. Atty. Gen., Tort Litigation Div., Austin, for amicus Texas Workers' Comp. Comm.

Before RICKHOFF, HARDBERGER and HILL, JJ.

## OPINION

HILL, Justice [1].

In this worker's compensation case, Planet Insurance Company appeals from a trial court's dismissal of its appeal from a final decision of an administrative appeals panel of the Texas Workers' Compensation Commission. Planet contends in five points of error that the trial court erred in granting the Motion To Dismiss for Want of Jurisdiction filed by Manuel Serrano, the worker, because: (1) the service provision of § 410.253 of the Texas Labor Code, Title V, Subtitle A, is directory rather than mandatory and is therefore not a jurisdictional requirement; (2) the Texas Labor Code's provision for simultaneous service cannot be followed according to its ordinary meaning, so that a strict construction of the provision would violate due process and the open courts provision of the Texas Constitution; (3) Planet has provided the Texas Workers' Compensation Commission with notice so that the Commission can intervene under § 410.254, so that no harm has resulted; (4) as a party who suffered no harm, Serrano did not have standing to request dismissal since the Texas Workers' Compensation Commission, not Serrano, had the right to service under

§ 410.253 and the right to intervene under § 410.254; and (5) dismissal of the underlying suit is a death penalty sanction that the court imposed without reference to any guiding rule or principle.

We reverse and remand for trial because the provision contained in § 410.253 requiring that simultaneous filing of the appeal must be both with the district court and the Texas Workers' Compensation Commission, while mandatory as to the filing with the Commission, is directory as to the requirement that filing be simultaneous.

■ We must determine whether the trial court had jurisdiction to hear Planet's appeal from the final decision of an administrative appeals panel of the Texas Workers' Compensation Commission. The final decision that Planet seeks to appeal was made on March 13, 1995. Planet filed its original petition in district court on April 5, 1995, well within the 40–day period required by § 410.252 of the Texas Labor Code. However, it did not file a copy of its petition with the Texas Workers' Compensation Commission until April 12, 1995, rather than simultaneously filing it with the Commission, as required by § 410.253 of the Code. This filing was also within the 40–day filing period.

Planet contends in point of error number one that the trial court erred in granting Serrano's Motion To Dismiss for Want of Jurisdiction because the provision that its petition be filed simultaneously with the Texas Workers' Compensation Commission is directory, rather than mandatory, and is therefore not a jurisdictional requirement.

■ The Texas Supreme Court has indicated that there is no absolute test by which it may be determined whether a statutory provision is mandatory or directory. *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943, 945 (1956). The fundamental rule is to ascertain and give effect to the legislative intent. *Id.* Although the word "shall" is generally construed to be mandatory, it may be and frequently is held to be

CODE ANN. § 74.003(b) (Vernon 1988).

merely directory. *Id.* In determining whether the Legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. *Id.* Provisions that are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory. *Id.*

■ This court has previously held that the 40–day requirement for filing suit in the district court is mandatory and jurisdictional. *Morales v. Employers Cas. Co.,* 897 S.W.2d 866, 868 (Tex.App.—San Antonio 1995, writ denied). In construing the statute as a whole, and taking into account all of the considerations noted above, we conclude that while service on the Commission within the 40–day period is also mandatory and jurisdictional, the requirement of simultaneous service on the Commission is directory because it is included for the purpose of promoting the proper, orderly, and prompt conduct of business.

We have also taken into consideration the consequences that would follow from each construction. *Chisholm,* 287 S.W.2d at 945. The word "simultaneous" means "existing or occurring at the same time." *Webster's Third New International Dictionary,* G. & C. Merriam Company, Springfield, Mass. 1964. The Texas Supreme Court has followed a relatively strict construction of the word "simultaneous" in probate cases, in one case holding that deaths occurring seventy-one minutes apart were not simultaneous because they did not occur at the same time. *White v. Taylor,* 155 Tex. 392, 286 S.W.2d 925, 926 (1956). Using the term "simultaneous" in its ordinary meaning and as interpreted by the Texas Supreme Court and applying it to the requirement of § 410.253 of the Texas Labor Code that a copy of one's appeal is to be filed simultaneously with the court and the Commission would make it virtually impossible to perfect such an appeal. On the other hand, alteration of the Legislature's terminology to provide that the intention was that the appeal was to be filed with the Commission at approximately the same time as filed with the court, rather than simultaneously, would create uncertainty as to when such a petition must be filed in order to invoke the trial court's jurisdiction. If the legislature had intended to make mandatory a requirement that the appeal must be filed on the same day as the court filing, rather than simultaneously, it could easily have expressed the requirement in those terms.

On the other hand, if the provision concerning the filing with the Commission within 40 days is construed to be mandatory while the simultaneous filing is construed to be directory, there is no uncertainty as to when the appeal must be filed, while, at the same time, the Commission is afforded adequate time to intervene in the appeal. If for some reason the Commission requires additional time for the preparation of its intervention as a result of not having received a simultaneous filing of the appeal, the trial court has the means of providing the Commission such additional time as required to file its petition. Based upon all of these considerations, we hold that while the requirement for filing with the Commission within 40 days is mandatory and jurisdictional, the requirement for simultaneous filing with the Commission is directory.

Serrano urges that since the 40–day time period is mandatory and jurisdictional, the simultaneous filing requirement is also mandatory and jurisdictional. We do not agree, finding that the simultaneous filing is directory for the reasons stated.

Serrano also insists that we determine and follow legislative intent. We believe that we have done so. We do not believe that it could be the legislature's intent that jurisdiction on an appeal would be lost merely because the appeal was not filed with both the court and the Commission "simultaneously," or at the same time, because such a simultaneous filing would be virtually impossible. We also do not believe that the legislature could have intended the ambiguity that would result if some other unstated time were construed as being mandatory and jurisdictional. As previously stated, we believe that had the legislature intended a mandatory requirement that the filing be on the same day, as

opposed to simultaneously, it would have stated the requirement in those terms.

Serrano refers us to two federal cases holding that in suits under the old statute every step provided in the state statutes must be taken as prescribed in order to review or set aside an award of the Industrial Accident Board. *See Duncan v. Fidelity & Cas. Co. of New York,* 371 F.2d 646, 649 (5th Cir.1967) and *Heard v. Texas Compensation Ins. Co.,* 87 F.2d 30, 32 (5th Cir.1936). While this is true as to mandatory provisions, it could not be applicable to those provisions that are merely directory.

In a supplemental brief, Serrano also relies on the cases of *Harris County v. Franks,* 875 S.W.2d 1 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483 (Tex.1991); and *Prescott v. CSPH, Inc.,* 878 S.W.2d 692, 694 (Tex.App.—Amarillo 1994, writ denied). We find all three cases to be distinguishable.

In *Harris County,* the county, after appealing an award favoring one of its workers, did not serve the worker with process. 875 S.W.2d at 2. Later, the trial court dismissed the suit for want of prosecution. *Id.* The county argued that the mere filing of its suit vacated the award of the Industrial Accident Board. *Id.* The court of appeals held that because the county did not file and prosecute an appeal, as required by Article 8307, § 5 of the Workers' Compensation Act in effect at that time, the award was not vacated by the county's appeal. *Id.* That case did not involve a question as to whether the requirement for prosecution of the suit was mandatory or directory, because such a requirement would appear to be mandatory on its face. In any event, as we have previously determined, in this case the timing of the filing with the commission, so long as it is within the forty-day filing period, is directory.

Serrano also refers us to the case of *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483 (Tex.1991). In that case, the Texas Supreme Court, construing the Commission on Human Rights Act, Tex.Rev.Civ. Stat. Ann. art. 5221k (Vernon 1987), held, based upon an examination of the act as a whole, that the act required exhaustion of administrative remedies prior to bringing a civil suit. *Id.* at 485. We do not find the court's determination of that issue to be of any assistance in our determination of the issue in this case.

Serrano cites *Prescott* to support his contention that we should give the term "simultaneous" its common meaning, which he urges is "on the same day." As we have previously noted, that meaning is neither the word's common meaning, nor is it the meaning previously given to the word by the Texas Supreme Court. In construing this statute, we are required to give the word its ordinary meaning unless it is "connected with and used with reference to a particular trade or subject matter or is used as a word of art," in which case it is to have the meaning given by experts in the particular trade, subject matter, or art. Tex. Gov't Code § 312.002 (Vernon 1988). We do not agree with Serrano's suggestion that the term "simultaneous" in the legal service area has the special meaning of "on the same day."

We sustain Planet's point of error number one. In view of our determination of this point of error, we need not consider the remaining points of error.

The judgment is reversed and this cause remanded for trial.