In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00142-CV


______________________________




INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant



V.



EDWARD LEJEUNE, Appellee




 


On Appeal from the 102nd Judicial District Court


 Red River County, Texas


Trial Court No. CV01389




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Chief Justice Morriss



O P I N I O N


 In this restricted appeal, Insurance Company of the State of Pennsylvania (Company) seeks
to overturn a default judgment awarded to Edward Lejeune on a workers' compensation claim. In
a restricted appeal properly before us, we look to see if any preserved error is apparent on the face
of the record. Finding no such error on the face of this record, we affirm the trial court's judgment.

 After exhausting his administrative remedies, Lejeune brought suit against Company to
determine whether certain injuries were compensable workers' compensation claims. When
Company failed to file an answer after being served, the trial court rendered a default judgment
against Company. In this restricted appeal, Company claims the default judgment violates Sections
410.252, 410.253, and 410.258 of the Texas Labor Code. In addition, Company alleges the service
of process was invalid and the attorneys' fee award is not supported by the record. Lejeune raises
a counter-issue alleging Company's notice of appeal is untimely.

  Though  (1)  notice  of  appeal  was  timely,  we  hold  that  (2)  no  venue  error  was
preserved, (3) no attorneys' fees were awarded, (4) failure to note the hour the clerk received citation
was not fatal, (5) the clerk need not verify the return of service, (6) the record reveals no violation
of Section 410.253, (7) the record reveals no violation of Section 410.258, and (8) the record reveals
no erroneous address for service of process.

 To prevail on a direct attack on a judgment by a restricted appeal, an appellant 

 must establish that: (1) [he or she] filed notice of the restricted appeal within six
months after the judgment was signed; (2) [he or she] was a party to the underlying
lawsuit; (3) [he or she] did not participate in the hearing that resulted in the judgment
complained of and did not timely file any postjudgment motions or requests for
findings of fact and conclusions of law; and (4) error is apparent on the face of the
record.


 Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); see also Tex. R. App. P. 26.1(c),
30. Here, only requirements (1) and (4) are questioned.

 Review by a restricted appeal affords an appellant essentially the same scope of review as
an ordinary appeal, that is, a review of the entire case. See Gunn v. Cavanaugh, 391 S.W.2d 723,
724 (Tex. 1965). The only restriction on the scope of review in a restricted appeal is that the error
must appear on the face of the record. See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint
Venture, 811 S.W.2d 942, 943 (Tex. 1991); cf. Flores v. H.E. Butt Grocery Co., 802 S.W.2d 53, 55
(Tex. App.--Corpus Christi 1990, no writ). "[E]vidence not before the trial court prior to final
judgment may not be considered" in a restricted appeal. Gen. Elec. Co., 811 S.W.2d at 944. The
face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal,
including the reporter's record. DSC Fin. Corp. v. Moffitt, 815 S.W.2d 551 (Tex. 1991); Laas v.
Williamson, 156 S.W.3d 854, 857 (Tex. App.--Beaumont 2005, no pet.); see Allstate Ins. Co. v.
Century Bank, N.A., No. 06-03-00140-CV, 2004 Tex. App. LEXIS 4998 (Tex. App.--Texarkana
June 4, 2004, no pet.) (mem. op.). 


(1) Notice of Appeal Was Timely

 Lejeune argues Company's notice of appeal was not timely filed. In a restricted appeal, the
notice of appeal must be filed within six months after the judgment was signed. Tex. R. App. P.
26.1(c). The trial court originally granted Lejeune's motion for a default judgment April 11, 2007. 
However, the trial court granted Lejeune's motion to vacate the April 11, 2007, default judgment and
granted a reformed default judgment May 9, 2007. Lejeune then filed an amended motion to reform
the default judgment which stated the Texas Department of Insurance, Division of Workers'
Compensation, did not receive a copy of the proposed default judgment until April 19, 2007. The
trial court granted a reformed default judgment June 4, 2007. Lejeune claims the notice of appeal
must have been filed within six months of the April 11, 2007, judgment. 

 A trial court may vacate, modify, correct, or reform its own judgment within thirty days after
the judgment was signed. Tex. R. Civ. P. 329b(d); First Alief Bank v. White, 682 S.W.2d 251, 252
(Tex. 1984). The first reformed default judgment was signed within thirty days of the original
default judgment. Thus, the first reformed default judgment (signed May 9, 2007) vacated the
original default judgment signed April 11, 2007. The second reformed default judgment (signed
June 4, 2007) was signed within thirty days of the first reformed default judgment. Thus, the trial
court had authority to vacate, modify, correct, or reform the first reformed default judgment with the
second reformed default judgment. There can only be one final judgment. Tex. R. Civ. P. 301. The
June 4, 2007, reformed default judgment is the only final appealable order in this case. (1) If a
judgment is modified, corrected, or reformed, the time for appeal runs from the date the judgment
was modified, corrected, or reformed. Tex. R. Civ. P. 329b(h). The time period for filing the notice
of appeal began to run June 4, 2007. Therefore, Company's notice of a restricted appeal filed
November 29, 2007, was timely.

(2) No Venue Error Was Preserved

 Company complains the trial court's default judgment violates the mandatory venue
provisions of Section 410.252 of the Texas Labor Code. Section 410.252(b) requires the judicial
review of a workers' compensation administrative decision to be filed in "the county where the
employee resided at the time of the injury . . ." Tex. Lab. Code Ann. § 410.252(b) (Vernon 2006). 
In his petition, Lejeune alleged he was a resident of Ellis County at the time of the injury. In a no-answer default judgment, the nonanswering party has "admitted" the facts pled in the petition. See,
e.g., Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979). Because there is no evidence of
Lejeune's county of residence in the record other than the petition, Company claims the District
Court of Red River County was without jurisdiction, making the default judgment void. Lejeune
argues the allegation was a drafting error, Section 410.252(b) is not jurisdictional, and Company
failed to raise the pleading defect by a special exception. 

 According to Lejeune, the allegation in the petition that Lejeune was a resident of Ellis
County is merely a drafting error. Lejeune claims the record demonstrates the allegation is a drafting
error because the petition contains an address for Lejeune, which is within Red River County, and
the contested case hearing states the same address. We agree with Company that the fact that
Lejeune resided in Red River County at the time he filed suit and at the time of the administrative
decision does not establish residence at the time of the injury. 

 A void judgment is not susceptible to ratification or confirmation, and its nullity cannot be
waived. Easterline v. Bean, 121 Tex. 327, 49 S.W.2d 427, 429 (1932); In re Guardianship of
Erickson, 208 S.W.3d 737, 740 (Tex. App.--Texarkana 2006, no pet.). A judgment, though, is void
only when the court rendering judgment "had no jurisdiction of the parties or property, no
jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to
act." Browning v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005).

 Company cites Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 (1926), overruled by Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex. 2000); (2) Gambill v. Town of Ponder, 494 S.W.2d 808
(Tex. 1973); Schumann v. City of Schertz, 100 S.W.3d 361, 365 (Tex. App.--San Antonio 2002, no
pet.); and Argonaut Sw. Ins. Co. v. Walker, 64 S.W.3d 654, 657 (Tex. App.--Texarkana 2001, pet.
denied). Mingus was overruled by the Texas Supreme Court in Dubai Petroleum Co. v. Kazi, 12
S.W.3d 71 (Tex. 2000). The court stated "[w]e therefore overrule Mingus to the extent that it
characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." Id. Neither
Gambill nor Schumann concern Section 410.252 of the Texas Labor Code. See Gambill, 494
S.W.2d at 809; Schumann, 100 S.W.3d at 365. Argonaut concerned the forty-day filing deadline
under Section 410.252(a) rather than the venue provision of Section 410.252(b). Argonaut Sw. Ins.
Co., 64 S.W.3d at 657 (holding Section 410.252(a) was mandatory and jurisdictional).

 The Tyler, Beaumont, and Austin Courts of Appeals have held Section 410.252(b), while
mandatory, is not jurisdictional. See Ins. Co. of the State of Pa. v. King, No. 12-04-00117-CV, 2005
Tex. App. LEXIS 4359 (Tex. App.--Tyler June 8, 2005, no pet.); Mayberry v. Am. Home Assur. Co.,
122 S.W.3d 455, 458 (Tex. App.--Beaumont 2003, no pet.); Hartford Underwriters Ins. Co. v.
Hafley, 96 S.W.3d 469 (Tex. App.--Austin 2002, no pet.); see also Dubai, 12 S.W.3d at 76
(concluding statutory prerequisites no longer presumed jurisdictional). We agree with the conclusion
of our sister courts that Section 410.252(b) is not jurisdictional. The section affects only venue,
without making any substantive change in the court's inherent power. See Hartford, 96 S.W.3d at
473. Because Section 410.252(b) is not jurisdictional, violating the section does not render the
judgment void. 

 Ordinarily, venue errors can be waived. See, e.g., Corona v. Pilgrim's Pride Corp., 245
S.W.3d 75, 85 (Tex. App.--Texarkana 2008, pet. denied); Cliff Jones, Inc. v. Ledbetter, 896 S.W.2d
417, 418-19 (Tex. App.--Houston [1st Dist.] 1995, no writ). Company did not challenge the
pleading defect with a special exception, file a motion to transfer venue under Section 410.252(c)
of the Texas Labor Code, or otherwise challenge the pleading defect in the trial court. Because the
record does not reflect that any issue concerning Section 410.252(b) was raised in the trial court, any
error has been waived. We overrule this issue.

(3) No Attorneys' Fees Were Awarded

 Company complains that the record does not support the award of attorneys' fees. Company
argues that the lack of a reporter's record is reversible error and that the evidence of attorneys' fees
is insufficient to justify the award. Both Company and Lejeune claim the judgment contains an
award of attorneys' fees in the amount of $15,000.00 to Lejeune. We disagree.

 The default judgment's only references to attorneys' fees are found in a single sentence:

 If Defendant successfully appeals to the court of appeals, Defendant shall be entitled
to a remittitur of $15,000 against the judgment for attorneys' fees; and if Defendant
does not appeal from the court of appeals to the Supreme Court of Texas and time
for that appeal has expired, or if the Defendant successfully appeals to the Supreme
Court of Texas, Defendant shall be entitled to a remittitur of $15,000 against the
judgment for attorneys' fees . . . .


There is no other reference to attorneys' fees. The first reformed default judgment contains identical
language concerning attorneys' fees and makes no award. The original default judgment does not
contain any award of attorneys' fees and was explicitly vacated. 

 A remittitur is an "order awarding a new trial, or a damages amount lower than that awarded"
and requiring the party to choose between these alternatives. Black's Law Dictionary 1321 (8th
ed. 2004); see Tex. R. Civ. P. 315. A remittitur merely reduces a prior damages award (or
alternatively orders a new trial). If there is no award to reduce, a reduction of the award is still
nothing. As such, no attorneys' fees are awarded in the default judgment. Because there is no award
of attorneys' fees, Company's arguments--that the lack of a reporter's record is reversible error and
that the evidence is insufficient to support the award--are moot. 

 Company also argues that it did not receive notice of the hearing at which the default
judgment awarding attorneys' fees was entered. Company cites Lopez v. Lopez, 757 S.W.2d 721
(Tex. 1988), as authority for the proposition that it was entitled to notice of the hearing. Lopez is
distinguishable from this case. In Lopez, the appellant had filed an answer. Id. In addition, Lopez
states "the record here establishes that Guadalupe had no actual or constructive notice of the trial
setting." Id. at 723. In this case, Company failed to file an answer, and the record is silent
concerning whether Company received notice of the trial setting. In the absence of a duty for the
court clerk to file the notice, notice need not affirmatively appear on the face of the record. Gen.
Elec. Co., 811 S.W.2d at 943 (distinguishing Lopez). Company has failed to provide us with any
authority that the face of the record must affirmatively demonstrate notice. We will not presume
error based on a silent record. 

 This issue is overruled.




(4) Failure to Note the Hour the Clerk Received Citation Was Not Fatal

 According to Company, the citation violates Rule 105 because the district clerk did not
endorse the hour at which the request was received. See Tex. R. Civ. P. 105. "A default judgment
cannot withstand a direct attack by a defendant who shows that such defendant was not served in
strict compliance with the law." Frazier v. Dikovitsky, 144 S.W.3d 146, 148 (Tex. App.--Texarkana
2004, no pet.). Strict compliance does not, however, require "absolute obeisance to the minutest
detail."  Herbert  v.  Greater  Gulf  Coast  Enters.,  915  S.W.2d  866,  872  (Tex.  App.--Houston
[1st Dist.] 1995, no pet.).

 The failure to note the hour the citation was received is not fatal. Aguilar v. Livingston, 154
S.W.3d 832, 835 (Tex. App.--Houston [14th Dist.] 2005, no pet.); 3 Roy W. McDonald & Elaine
A. Grafton Carlson, Texas Civil Practice § 11:66 (2d ed. 2000); see Clark v. Wilson, 31 Tex.
322, 327 (1868); cf. TAC America's, Inc. v. Boothe, 94 S.W.3d 315, 321 (Tex. App.--Austin 2002,
no pet.) (questioning whether Clark, 31 Tex. at 327, was binding precedent and concluding Clark
was distinguishable). We overrule this issue.

(5) The Clerk Need Not Verify the Return of Service

 Because the return is not verified, Company argues the citation fails to comply with Rule 107. 
Rule 107 provides "[t]he return of citation by an authorized person shall be verified." Tex. R. Civ.
P. 107. Texas law is clear that a private process server is an "authorized person" and thus must
verify the return. See, e.g., Frazier, 144 S.W.3d at 149. The question in this case is whether a
district clerk is included within the definition of "an authorized person."

 Rule 107 recognizes two classes of process servers, "officers" or "authorized persons." The
rule's verification requirement applies only to an "authorized person," not an "officer." This
omission logically means that officers are not required to verify the return. In an unpublished
opinion, the Corpus Christi Court of Appeals has concluded a sheriff need not verify returns. DRC
Distribs. v. Joiner, No. 13-04-038-CV, 2006 Tex. App. LEXIS 1168 (Tex. App.--Corpus Christi
Feb. 9, 2006, no pet.). In 1988, the Texas Rules of Civil Procedure were amended to permit courts
"to authorize persons other than Sheriffs or Constables to service Citation." Tex. R. Civ. P. 103,
cmt. 1988. Prior to 1988, the Rules merely required the return to be "signed by the officer
officially." Tex. R. Civ. P. 107, 599-600 S.W.2d (Tex. Cases) p. xxxix (1981, amended 1988). The
Rules did not previously require verification. The 1988 amendments added the requirement that
"[t]he return of citation by an authorized person shall be verified." See Tex. R. Civ. P. 107, 733-34
S.W.2d (Tex. Cases) p. xlv (1988, amended 1990). We conclude that the intent of the rule is to
include district clerks, with sheriffs and constables, within the meaning of the term
"officers"--persons who, by virtue of their offices, are not required to verify returns. We overrule
this issue.



(6) The Record Reveals No Violation of Section 410.253

 Company also claims there is error on the face of the record because the record does not
contain evidence that Section 410.253 was satisfied. Section 410.253 requires a party seeking
judicial review to simultaneously "file a copy of the party's petition with the court" and "provide
written notice of the suit or notice of appeal to the division." Tex. Lab. Code Ann. § 410.253
(Vernon 2006).

 Company cites Planet Insurance Company v. Serrano, 936 S.W.2d 35, 37 (Tex. App.--San
Antonio 1996, no writ), as support for its argument. Serrano, though, does not support Company's
argument. In that case, the San Antonio Court of Appeals held that, "while the requirement for filing
with the Commission within 40 days is mandatory and jurisdictional, the requirement for
simultaneous filing with the Commission is directory." Id. at 37. The forty-day filing requirement,
which the San Antonio court held was mandatory and jurisdictional, is contained in Section
410.252(a), (3) not Section 410.253. Compare Tex. Lab. Code Ann. § 410.252(a) with Tex. Lab.
Code Ann. § 410.253(a). Serrano held the simultaneous filing requirement, which is contained in
Section 410.253, was not jurisdictional. Serrano, 936 S.W.2d at 37. Thus, we discount the
Company's reliance on Serrano for its argument that Section 410.253 is jurisdictional. The Texas
Supreme Court has held Section 410.253, although mandatory, is not jurisdictional. Nat'l Liab. &
Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000); Albertson's, Inc. v. Sinclair, 984 S.W.2d
958, 961 (Tex. 1999). 

 There is no evidence that Section 410.253 was violated. The Texas Supreme Court has held
a silent record will not show error if there is no duty to make sure the record affirmatively shows a
particular fact. See Gen. Elec. Co., 811 S.W.2d at 942. Company has not directed this Court to any
authority that the record must affirmatively show compliance with Section 410.253. We will not
presume, based on a silent record, that Section 410.253 was violated. The Texas Supreme Court has
held the absence in the record of any proof of notice is "'just that - an absence of proof of error.' 
Accordingly, it is not error apparent on the face of the record, and could not support a restricted
appeal." Gold v. Gold, 145 S.W.3d 212, 213 (Tex. 2004) (quoting Alexander, 134 S.W.3d at 848). (4) 
Because there is no evidence in the record that Section 410.253 was violated, this Company point
of error is overruled.

(7) The Record Reveals No Violation of Section 410.258

 Company claims there is error on the face of the record because the record does not contain
evidence that Section 410.258 was satisfied. We disagree.

 Section 410.258 requires "any proposed judgment . . ., including a proposed default
judgment" to be filed "with the Executive Director of the Commission not later than the 30th day
before the date on which the trial court is scheduled to enter the judgment . . ." Tex. Lab. Code
Ann. § 410.258 (Vernon 2006). The default judgment in this case states, "Notification of this
proposed judgment was sent to the Division of Workers' Compensation in accordance with Texas
Labor Code § 410.258 and has been on file for not less than 30 days at the time of signing of this
Default Judgment." Other than the above recital, the judgment contains no reference to satisfaction
or violation of Section 410.258.

 Company claims the record must affirmatively show, on its face, strict compliance with
Section 410.258. In support of this argument, Company cites Newsom v. Ballinger Indep. Sch. Dist.,
213 S.W.3d 375 (Tex. App.--Austin 2006, no pet.); Verlander Enters. v. Graham, 932 S.W.2d 259,
262 (Tex. App.--El Paso 1996, no writ); and C.W. Bollinger Ins. Co. v. Fish, 699 S.W.2d 645,
647-48 (Tex. App.--Austin 1985, no writ). None of these cases are on point.

 Fish concerned substituted service under the Insurance Code, not Section 410.258. Fish, 699
S.W.2d at 647. Graham concerned service of citation, not Section 410.258. Graham, 932 S.W.2d
at 262. There are no presumptions concerning service of citation in a review of a no-answer default
judgment. Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985). In
Newsom, the parties agreed the first summary judgment was void under Section 410.258. Newsom,
213 S.W.3d at 377. The issue in that case concerned whether a trial court's plenary power depended
on the validity of the first summary judgment. Id. at 378. Company has not provided us with any
authority that strict compliance with Section 410.258 must be shown on the face of the record. 

 A recital in a judgment that Section 410.258 has been satisfied is presumed to be correct in
the absence of evidence to the contrary. S. Ins. Co. v. Brewster, 249 S.W.3d 6, 14 (Tex.
App.--Houston [1st Dist.] 2007, pet. denied). In Brewster, the appellant presented a certification
to the appellate court that Section 410.258 had not been complied with, but the certification was not
contained in the record. Id. In this case, there is no evidence, in or outside the record, that Section
410.258 has been violated. We agree that, unless the record controverts the recital, we must presume
the recital in the judgment is correct. This issue is overruled.

(8) The Record Reveals No Erroneous Address for Service of Process

 Company also argues that, if the petition was delivered to the address indicated on the
citation, service was made on Corporation Service Company rather than Insurance Company of the
State of Pennsylvania. Company has not directed us to where the record contains evidence
supporting this allegation. We have not been directed to any evidence that the petition was not
served on Company or its authorized agent. In a restricted appeal, the error must appear on the face
of the record. See Gen. Elec. Co., 811 S.W.2d at 943. "Our system is founded upon a belief that trial
courts should first be given the opportunity to consider and weigh factual evidence." Id. at 944. 
Since there is no evidence that the address was invalid, we overrule this issue.




 For the reasons stated above, we affirm the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 21, 2008

Date Decided: August 20, 2008
1. Unless otherwise specified in the remainder of this opinion, we will refer to the second
reformed default judgment signed June 4, 2007, as the default judgment.
2. Company failed to note in its brief that Mingus had been overruled. The Texas Disciplinary
Rules of Professional Conduct impose on counsel the duty of candor toward the Court. See Tex.
Disciplinary R. Prof'l Conduct 3.03(a)(1). Company should have discovered the adverse
subsequent history during its research and mentioned the fact in its brief. 
3. We held above that venue requirements of Section 410.252(b) are not jurisdictional. 
Serrano concerned the forty-day filing requirement contained in Section 410.252(a). See Serrano,
936 S.W.2d at 37. This Court has similarly held Section 410.252(a) was jurisdictional. See
Argonaut Sw. Ins. Co., 64 S.W.3d at 657.
4. Company cites Gold for holding "the Court should not infer that notice was sent." As noted,
Gold actually held the contrary.