EDWARD CLARK, GOVERNOR, FOR THE USE, &c. v. JAMES WILCOX ET AL.

The failure of the clerk of the district court to copy the return of a sheriff upon a summons, whereby the judgment was reversed and the defendant in error lost his debt, makes the clerk liable for the amount, and the substantial averment of the facts, and that the defendant had become insolvent, are a sufficient statement of the cause of action.

The return of the sheriff was in these words: "Came to hand the 5th of April, 1860; executed on the 7th of the same month by delivering in person to Andrew Herron a certified copy of the petition and a copy of this writ."

This was a sufficient compliance with the statute. (Paschal's Dig., Art. 1433, Note 545.)

"The time and manner of service" does not mean a useless narrative of facts, but only that a copy of the process and petition were delivered to the defendant himself and when. (Paschal's Dig., Arts. 1507, 5121, Notes 593, 1122.)

The return of the sheriff need not follow the very language of the statute, if it set forth the substantial facts necessary to a good service.

The return need not set forth that the person served was the defendant, if he be correctly named. (Brown v. Robertson, 28 Tex., 555.)

If the court has already substantially given an instruction asked, it is not error to refuse to repeat it. (Paschal's Dig., Art. 1464, Note 562.)

If in suing out an attachment the plaintiff was not actuated by malice towards the defendant, nor other motive than a desire to secure the payment of the debt sued upon, the rule of damages, if the attachment be dissolved, is the damages actually sustained. (Paschal's Dig., Art. 3446, Note 797.)

APPEAL from Guadalupe. The case was tried before Hon. ISAAC B. McFARLAND, one of the district judges.

The facts are sufficiently set forth in the opinion of the court.

*John Ireland,* for appellant.

*John P. White,* for appellee.

HAMILTON, J.—This was an action for damages, brought by T. H. & G. B. Hollaman, in the name of the Governor, against the appellee, Wilcox, and his sureties on his official bond, as clerk of the district court of Guadalupe county, for an alleged failure to properly discharge his duty in preparing a certain record for the Supreme Court. The facts stated in the petition are briefly, but substantially, as follows: That the appellants, being indebted to the firm of Gruman & Co. in the sum of $500, in part payment of said debt they transferred to said firm a note on one Andrew Herron for the sum of $352 49; that said Gruman & Co. immediately commenced suit on the note in the district court for Guadalupe county against said Herron as principal and the

said Hollimans as indorsers or assignors, and recovered judgment, the case being styled Samuel E. Gruman & Co. v. T. H. & G. B. Hollaman, and numbered 1035 on the docket of said court; that execution was issued against the said Herron and plaintiffs below on the 2d of February, 1859; that said Herron filed his petition for, and obtained a writ of error and removed said case to, the Supreme Court, where, on the 31st day of October, 1859, the judgment was reversed and the cause remanded for further proceedings, upon the ground that the record did not disclose that service had been perfected on the defendants below. That at the fall term, 1860, said Gruman & Co. again obtained judgment against said Herron and plaintiffs below for the amount of said note; that execution issued on said judgment, when the said Herron proved entirely insolvent, and the sheriff was unable to collect said debt from him, and the said petitioners (plaintiffs below) were compelled to pay the same on the 10th of April, 1861, to the amount of $600; that said Herron was entirely solvent when the first-named judgment was rendered, and that the same could and would have been collected of him had it not been reversed by the Supreme Court; that he, the said Herron, was solvent and providing for the payment of his debts up to about the time of the rendition of the last judgment; that there was personal service on the defendants below before and at the time of the rendition of said first judgment against said Herron and plaintiffs below, but that the appellee, who was the district clerk at the time, and who made out the transcript of the record when the cause was removed to the Supreme Court, failed to transcribe the returns of the sheriff on the writs in said cause, and the transcript sent up to the Supreme Court by said Wilcox did not show that service had been perfected on the defendants in said cause; that by reason of said failure of said Wilcox to copy into said transcript the sheriff's return on said writs, as aforesaid, petitioners have lost their debt on

said Herron, &c.   The official bond, oath of office, &c., are appended to the petition, certified to by the county clerk.

To this petition the defendants below interposed general and special exceptions, which need not now be noticed. The plaintiffs sued out an attachment against two of the defendants, and caused a levy to be made upon property, real and personal, which upon motion was quashed; and then sued out a second attachment, which was levied upon the same property.   Whereupon the defendants filed a plea in reconvention for $1,000 damages for the wrongful, vexatious, and malicious suing out of said attachment.

At the spring term, 1866, there were a trial and judgment for the defendants below for the sum of $50 damages and costs of suit.   A motion for new trial being overruled, notice of appeal was given, and an agreement entered into by the attorneys of the parties respectively, which was approved by the presiding judge, that the transcript of the record should consist of certain papers in the cause, and that the questions for the determination of this court should be, "Whether the petition discloses a good cause of action against defendants, and whether the charge of the court to the jury was correct, and whether the court did right in refusing the charges asked by plaintiffs."

The several special exceptions to the sufficiency of the petition seem to rest upon the followings grounds:

1. The amount claimed by plaintiffs, and which they claim to have been compelled to pay, is not the amount which they show themselves to have been indebted to Gruman & Co.

2. The petition discloses the fact that, if anything has been lost, it is only the amount of the note which Herron owed the plaintiffs.

3. The petition does not disclose the fact that the plaintiffs have ever made any attempt to enforce the collection of their debt against Herron.

4. Is to the same effect as the third.

5. That it is not shown by the petition that any effort was ever made to enforce the collection of the judgment in favor of Gruman & Co. out of the principal debtor, Herron.

6. That the petition shows that, if the plaintiffs have sustained any loss, it was caused by their laches and carelessness.

As to the first and second exceptions, it is sufficient to observe that it is not perceived how the amount of the original debt of the plaintiffs below to Gruman & Co. has anything to do with their right to recover damages from the defendants, or that any discrepancy in amount between said debt and the damages claimed could possibly affect the issue between the parties litigant. We understand from the petition that the plaintiffs only claim the damages which they allege they sustained by reason of the compulsory payment by them of the judgment rendered in favor of Gruman & Co. against Herron and themselves jointly. Their original indebtedness to Gruman & Co., and which is stated in the petition by way of inducement to the transfer of the note on Herron, was not necessary to have been stated at all, and is to be treated as mere surplusage.

Neither the consideration which moved the plaintiffs to transfer the note on Herron nor the amount of their indebtedness then or since to said Gruman & Co. can have any bearing upon the case presented in the petition.

The third, fourth, and fifth exceptions are not tenable. A plaintiff is bound in his petition to state facts which, if true, will entitle him to a recovery, but he is not bound to disclose the testimony by which he proposes to establish the facts alleged. The fact is clearly stated in the petition that, after the rendition of the last judgment in favor of Gruman & Co. against Herron and plaintiffs, "execution again issued on said last judgment against said Herron and petitioners, and said Herron now [then] proving en-

tirely insolvent, and the sheriff having been unable to collect said debt from said Herron, petitioners were forced to pay the same," &c.

This averment is broad and explicit, and under it any fact tending to prove its truth would be admissible. An execution issued upon the judgment and returned *nulla bona* as to Herron, or other facts tending to prove the averment, would be received. Whether diligence was used and proper efforts made to collect the judgment from Herron is mere matter of proof. The sixth exception is not sustained by the record.· There is no fact stated in the petition from which laches or carelessness can be inferred. The petition discloses a good cause of action.

The next question for our consideration under the agreement of counsel, and the only remaining one necessary to a determination of the case, is as to the correctness of the charge of the court to the jury.

In the charge in chief the court instructed the jury upon the subject of the return of service by the sheriff as indorsed on the writ against Andrew Herron in the original suit of Gruman & Co. against said Herron and plaintiffs below as follows: "The return of the sheriff indorsed upon the writ against Andrew Herron in the original suit of Samuel Gruman & Co. v. Andrew Herron and others does not show such a service as is required by the statute." And after the charge in chief, and at the request, as we suppose, of the counsel for defendants below, though the record does not so state, a special charge was given to the jury in the following terms: "Unless the plaintiffs have shown in the original suit of S. E. Gruman & Co. v. A. Herron and others a legal return of service on the defendant, Herron, they are not entitled to recover damages in this case."

These instructions taken together left the jury no other duty than to consider the question of damages claimed by the defendants in their plea of reconvention. The plaintiffs' case was concluded.

Let us look to the return of service indorsed upon the writ to Herron, a copy of which is contained in the record, and ascertain in what particular requirement of the statutes, if any, it is wanting.

The sheriff's indorsement is in these words and figures: "Came to hand the 5th of April, 1860; executed on the 7th of the same month, by delivering in person to Andrew Herron a certified copy of petition and copy of this writ. J. F. Tom, sheriff of Guadalupe county."

The case of Graves v. Robertson, 22 Tex., 130, is relied on by the appellees to condemn the return. The rule laid down in that case is certainly very stringent, but it is not, nor was it intended to be, more stringent than the statute itself. The requirement of the statute is, that "the sheriff or other officer receiving any process shall indorse thereon the day on which he received it, and shall execute the same, &c., by delivering to the party or parties in person upon whom he is required to serve it a copy thereof and a copy of the petition accompanying it," &c. (Paschal's Dig., Art. 1433.)

Article 1507, Paschal's Digest, among other things, requires that the return shall state "fully the time and manner of service." This does not mean senseless or unnecessary details of the act of service and of the time when performed; such, for example, as where the officer should note the hour of the day, as well as the day of the month and the year, and couple with it a statement of the manner in which he approached the party served, the conversation that ensued, the attitude which he assumed in the final act of delivering the papers, and his exit from the scene of his labors. The manner is personal service, and the time the day, month, and year; and it was because this manner of service was not stated in the return of the officer, in the case of Graves v. Robertson, that it was held to be insufficient. The return in that case was as follows: "Executed August 10, 1857, by serving defendant with a

true copy of this writ and a certified copy of plaintiff's petition."

Upon what ground the judge in the court below condemned the return the record does not disclose, and we are therefore left to conjecture. It is probable that the view of the question presented in the brief of the attorneys for appellees is the same that controlled the court in its decision, which is that the recital in the return, "by delivering in person to Andrew Herron a certified copy," &c., is simply equivalent to "personally delivering to Herron," and does not mean "delivering to Herron in person;" and, further, that the return does not recite that Herron was a defendant.

We think the statutes, simple as they are in their terms, have certainly been misunderstood by the court below and by the attorneys for the appellees, and that consequently the verbal and grammatical criticism which is supposed to be fatal to the return is erroneous and harmless.

It manifestly proceeds upon the idea that article 679 of Hartley's Digest, (Paschal's Dig., Art. 1433,) which declares the manner in which service shall be made, directs the form of the return and the employment of certain specific words in making it up, namely, that the return must employ the very words used in the statute to characterize the act to be done and manner of doing it, and recite that the writ was executed on a certain day and year "by delivering" to the party to be served, A B, "in person, a copy," &c.

This article plainly directs what shall be done by the officer, but not the form of the official indorsement or certificate of the performance of the act. Article 811 directs that "the return of the sheriff or other officer shall be made in writing on the back of the process, or attached thereto, stating fully the time and manner of the service, and shall be signed by him officially." It is conceded that by the terms of the two articles referred to the fact must appear in the return that personal service was had, but this can be shown as well

without the use of the words "in person," "personally," or "personal service" as with them. The fact stated, no matter in what phraseology, so that it be clear, is a compliance with the statute.

Let us suppose the return of service in question had been in this form: "Executed on the 7th of April, 1860, by delivering to Andrew Herron a certified copy of petition and copy of this writ, which he accepted and received in his right hand." Can any one doubt that this would have been a full and literal compliance with the statutes? And is this form more complete, or does it import with any more certainty the fact of personal service, than to say "executed on, &c., by delivering to Andrew Herron a certified copy of petition," &c.? We think not. Then, let us treat the words "in person," contained in the return, as surplusage, and allow that the noun "person" relates to the sheriff and not to Herron, and still the terse but clear and explicit terms import the necessary fact of personal service in words among the commonest and best understood in the English language.

This clearly excludes the idea of any mode of service other than personal. "Delivering to Andrew Herron" was not posting, advertising, or delivering to another for him; it was personal service, and the manner of the service as clearly stated as our language can be made to express it. In the case of Graves v. Robertson, 22 Tex., the manner of the service was not stated, and did not, therefore, meet the demands of the statute. But if it were necessary to the validity of the return to give effect to the words "in person," as therein contained, we would not feel inclined to make the obvious meaning of the sentence yield to stringent grammatical rules.

We are certainly to presume that the sheriff knew something of his duties under the requirements of the statute; that it was not necessary for him in his own person to execute the process, but that it might be done as well by

deputy, and that it was necessary to execute service upon the defendant in person. 'Why, then, should we indulge the strained and violent presumption that he intended the word "person" to refer to himself, rather than the natural and fair presumption that it was intended to refer to the party served. There can be no reasonable doubt as to what was intended to be expressed, and the objection made is being critical overmuch. If the same strictness of grammatical construction contended for here were applied to all the records and judgments in the courts of the country, they would be swept as with a tornado, and judicial proceedings would fall around us like leaves in autumn.

The objection to the return, because it does not recite that Herron was a defendant, requires no argument. This question was considered at the Austin term, 1866, in the case of Brown et al. v. Robertson, [28 Tex., 555,] and decided by Chief Justice MOORE. The return of service in that case recited that the writ was executed by "handing to Mrs. Brown," &c., without mentioning the given name, which was the fatal and only objection to the return.

The return of service is in compliance with every requirement of the statute, and the court below erred in holding otherwise.

This necessarily disposes of the case, but, inasmuch as it will go back for further proceedings, it is deemed proper to notice very briefly the last question submitted for our determination, to wit: Did the court err in refusing the instructions to the jury asked by the appellant? The first of these instructions is as follows: 1st, "That if they (the jury) believe from the evidence that the defendant failed to perform his duty as clerk, and that the plaintiff suffered loss by reason of such failure, then the defendant and his securities on his official bond are responsible to the extent of such loss; and, 2d, That unless the jury believe that Holliman was actuated by malice towards defendants, or that he had other motives than a desire to secure the pay-

ment of the debt sued upon, then they cannot find damages against Holliman beyond the actual damages sustained by reason of suing out the attachment."

The first of these instructions being substantially embraced in the charge in chief, it was unnecessary to repeat it, and therefore no error to refuse it.

We think the second instruction ought to have been given, because it lays down the rule in the case of Reed v. Samuels & Mosson, 22 Tex., 114, with more precision and clearness than was done in the charge of the court, and would probably have been better understood by the jury, though the charge as given was perhaps sufficiently clear to a legal mind. The judgment of the court below is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.