

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-07-00142-CV
_____


INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant

V.

EDWARD LEJEUNE, Appellee


On Appeal from the 102nd Judicial District Court
Red River County, Texas
Trial Court No. CV01389


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

In this restricted appeal, Insurance Company of the State of Pennsylvania (Company) seeks to overturn a default judgment awarded to Edward Lejeune on a workers' compensation claim. In a restricted appeal properly before us, we look to see if any preserved error is apparent on the face of the record. Finding no such error on the face of this record, we affirm the trial court's judgment.

After exhausting his administrative remedies, Lejeune brought suit against Company to determine whether certain injuries were compensable workers' compensation claims. When Company failed to file an answer after being served, the trial court rendered a default judgment against Company. In this restricted appeal, Company claims the default judgment violates Sections 410.252, 410.253, and 410.258 of the Texas Labor Code. In addition, Company alleges the service of process was invalid and the attorneys' fee award is not supported by the record. Lejeune raises a counter-issue alleging Company's notice of appeal is untimely.

Though (1) notice of appeal was timely, we hold that (2) no venue error was preserved, (3) no attorneys' fees were awarded, (4) failure to note the hour the clerk received citation was not fatal, (5) the clerk need not verify the return of service, (6) the record reveals no violation of Section 410.253, (7) the record reveals no violation of Section 410.258, and (8) the record reveals no erroneous address for service of process.

> To prevail on a direct attack on a judgment by a restricted appeal, an appellant
>
> must establish that: (1) [he or she] filed notice of the restricted appeal within six months after the judgment was signed; (2) [he or she] was a party to the underlying

2

lawsuit; (3) [he or she] did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 26.1(c), 30. Here, only requirements (1) and (4) are questioned.

Review by a restricted appeal affords an appellant essentially the same scope of review as an ordinary appeal, that is, a review of the entire case. *See Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965). The only restriction on the scope of review in a restricted appeal is that the error must appear on the face of the record. *See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *cf. Flores v. H.E. Butt Grocery Co.*, 802 S.W.2d 53, 55 (Tex. App.—Corpus Christi 1990, no writ). "[E]vidence not before the trial court prior to final judgment may not be considered" in a restricted appeal. *Gen. Elec. Co.*, 811 S.W.2d at 944. The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the reporter's record. *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551 (Tex. 1991); *Laas v. Williamson*, 156 S.W.3d 854, 857 (Tex. App.—Beaumont 2005, no pet.); *see Allstate Ins. Co. v. Century Bank, N.A.*, No. 06-03-00140-CV, 2004 Tex. App. LEXIS 4998 (Tex. App.—Texarkana June 4, 2004, no pet.) (mem. op.).

*(1)     Notice of Appeal Was Timely*

Lejeune argues Company's notice of appeal was not timely filed.  In a restricted appeal, the notice of appeal must be filed within six months after the judgment was signed.  TEX. R. APP. P. 26.1(c).  The trial court originally granted Lejeune's motion for a default judgment April 11, 2007.  However, the trial court granted Lejeune's motion to vacate the April 11, 2007, default judgment and granted a reformed default judgment May 9, 2007.  Lejeune then filed an amended motion to reform the default judgment which stated the Texas Department of Insurance, Division of Workers' Compensation, did not receive a copy of the proposed default judgment until April 19, 2007.  The trial court granted a reformed default judgment June 4, 2007.  Lejeune claims the notice of appeal must have been filed within six months of the April 11, 2007, judgment.

A trial court may vacate, modify, correct, or reform its own judgment within thirty days after the judgment was signed.  TEX. R. CIV. P. 329b(d); *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984).  The first reformed default judgment was signed within thirty days of the original default judgment.  Thus, the first reformed default judgment (signed May 9, 2007) vacated the original default judgment signed April 11, 2007.  The second reformed default judgment (signed June 4, 2007) was signed within thirty days of the first reformed default judgment.  Thus, the trial court had authority to vacate, modify, correct, or reform the first reformed default judgment with the second reformed default judgment.  There can only be one final judgment.  TEX. R. CIV. P. 301.  The

4

June 4, 2007, reformed default judgment is the only final appealable order in this case.[1] If a judgment is modified, corrected, or reformed, the time for appeal runs from the date the judgment was modified, corrected, or reformed. TEX. R. CIV. P. 329b(h). The time period for filing the notice of appeal began to run June 4, 2007. Therefore, Company's notice of a restricted appeal filed November 29, 2007, was timely.

*(2)     No Venue Error Was Preserved*

Company complains the trial court's default judgment violates the mandatory venue provisions of Section 410.252 of the Texas Labor Code. Section 410.252(b) requires the judicial review of a workers' compensation administrative decision to be filed in "the county where the employee resided at the time of the injury . . ." TEX. LAB. CODE ANN. § 410.252(b) (Vernon 2006). In his petition, Lejeune alleged he was a resident of Ellis County at the time of the injury. In a no-answer default judgment, the nonanswering party has "admitted" the facts pled in the petition. *See, e.g., Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). Because there is no evidence of Lejeune's county of residence in the record other than the petition, Company claims the District Court of Red River County was without jurisdiction, making the default judgment void. Lejeune argues the allegation was a drafting error, Section 410.252(b) is not jurisdictional, and Company failed to raise the pleading defect by a special exception.

---

[1]Unless otherwise specified in the remainder of this opinion, we will refer to the second reformed default judgment signed June 4, 2007, as the default judgment.

According to Lejeune, the allegation in the petition that Lejeune was a resident of Ellis County is merely a drafting error. Lejeune claims the record demonstrates the allegation is a drafting error because the petition contains an address for Lejeune, which is within Red River County, and the contested case hearing states the same address. We agree with Company that the fact that Lejeune resided in Red River County at the time he filed suit and at the time of the administrative decision does not establish residence at the time of the injury.

A void judgment is not susceptible to ratification or confirmation, and its nullity cannot be waived. *Easterline v. Bean*, 121 Tex. 327, 49 S.W.2d 427, 429 (1932); *In re Guardianship of Erickson*, 208 S.W.3d 737, 740 (Tex. App.—Texarkana 2006, no pet.). A judgment, though, is void only when the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005).

Company cites *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926), *overruled by Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000);[2] *Gambill v. Town of Ponder*, 494 S.W.2d 808 (Tex. 1973); *Schumann v. City of Schertz*, 100 S.W.3d 361, 365 (Tex. App.—San Antonio 2002, no pet.); and *Argonaut Sw. Ins. Co. v. Walker*, 64 S.W.3d 654, 657 (Tex. App.—Texarkana 2001, pet. denied). *Mingus* was overruled by the Texas Supreme Court in *Dubai Petroleum Co. v. Kazi*, 12

[2]Company failed to note in its brief that *Mingus* had been overruled. The Texas Disciplinary Rules of Professional Conduct impose on counsel the duty of candor toward the Court. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03(a)(1). Company should have discovered the adverse subsequent history during its research and mentioned the fact in its brief.

6

S.W.3d 71 (Tex. 2000). The court stated "[w]e therefore overrule *Mingus* to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Id*. Neither *Gambill* nor *Schumann* concern Section 410.252 of the Texas Labor Code. *See Gambill*, 494 S.W.2d at 809; *Schumann*, 100 S.W.3d at 365. *Argonaut* concerned the forty-day filing deadline under Section 410.252(a) rather than the venue provision of Section 410.252(b). *Argonaut Sw. Ins. Co.*, 64 S.W.3d at 657 (holding Section 410.252(a) was mandatory and jurisdictional).

The Tyler, Beaumont, and Austin Courts of Appeals have held Section 410.252(b), while mandatory, is not jurisdictional. *See Ins. Co. of the State of Pa. v. King*, No. 12-04-00117-CV, 2005 Tex. App. LEXIS 4359 (Tex. App.—Tyler June 8, 2005, no pet.); *Mayberry v. Am. Home Assur. Co.*, 122 S.W.3d 455, 458 (Tex. App.—Beaumont 2003, no pet.); *Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469 (Tex. App.—Austin 2002, no pet.); *see also Dubai*, 12 S.W.3d at 76 (concluding statutory prerequisites no longer presumed jurisdictional). We agree with the conclusion of our sister courts that Section 410.252(b) is not jurisdictional. The section affects only venue, without making any substantive change in the court's inherent power. *See Hartford*, 96 S.W.3d at 473. Because Section 410.252(b) is not jurisdictional, violating the section does not render the judgment void.

Ordinarily, venue errors can be waived. *See, e.g., Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 85 (Tex. App.—Texarkana 2008, pet. denied); *Cliff Jones, Inc. v. Ledbetter*, 896 S.W.2d 417, 418–19 (Tex. App.—Houston [1st Dist.] 1995, no writ). Company did not challenge the

pleading defect with a special exception, file a motion to transfer venue under Section 410.252(c) of the Texas Labor Code, or otherwise challenge the pleading defect in the trial court. Because the record does not reflect that any issue concerning Section 410.252(b) was raised in the trial court, any error has been waived. We overrule this issue.

*(3)      No Attorneys' Fees Were Awarded*

Company complains that the record does not support the award of attorneys' fees. Company argues that the lack of a reporter's record is reversible error and that the evidence of attorneys' fees is insufficient to justify the award. Both Company and Lejeune claim the judgment contains an award of attorneys' fees in the amount of $15,000.00 to Lejeune. We disagree.

The default judgment's only references to attorneys' fees are found in a single sentence:

> If Defendant successfully appeals to the court of appeals, Defendant shall be entitled to a remittitur of $15,000 against the judgment for attorneys' fees; and if Defendant does not appeal from the court of appeals to the Supreme Court of Texas and time for that appeal has expired, or if the Defendant successfully appeals to the Supreme Court of Texas, Defendant shall be entitled to a remittitur of $15,000 against the judgment for attorneys' fees . . . .

There is no other reference to attorneys' fees. The first reformed default judgment contains identical language concerning attorneys' fees and makes no award. The original default judgment does not contain any award of attorneys' fees and was explicitly vacated.

A remittitur is an "order awarding a new trial, or a damages amount lower than that awarded" and requiring the party to choose between these alternatives. BLACK'S LAW DICTIONARY 1321 (8th ed. 2004); *see* TEX. R. CIV. P. 315. A remittitur merely reduces a prior damages award (or

8

alternatively orders a new trial). If there is no award to reduce, a reduction of the award is still nothing. As such, no attorneys' fees are awarded in the default judgment. Because there is no award of attorneys' fees, Company's arguments—that the lack of a reporter's record is reversible error and that the evidence is insufficient to support the award—are moot.

Company also argues that it did not receive notice of the hearing at which the default judgment awarding attorneys' fees was entered. Company cites *Lopez v. Lopez*, 757 S.W.2d 721 (Tex. 1988), as authority for the proposition that it was entitled to notice of the hearing. *Lopez* is distinguishable from this case. In *Lopez*, the appellant had filed an answer. *Id*. In addition, *Lopez* states "the record here establishes that Guadalupe had no actual or constructive notice of the trial setting." *Id*. at 723. In this case, Company failed to file an answer, and the record is silent concerning whether Company received notice of the trial setting. In the absence of a duty for the court clerk to file the notice, notice need not affirmatively appear on the face of the record. *Gen. Elec. Co.*, 811 S.W.2d at 943 (distinguishing *Lopez*). Company has failed to provide us with any authority that the face of the record must affirmatively demonstrate notice. We will not presume error based on a silent record.

This issue is overruled.

*(4)     Failure to Note the Hour the Clerk Received Citation Was Not Fatal*

According to Company, the citation violates Rule 105 because the district clerk did not endorse the hour at which the request was received. *See* TEX. R. CIV. P. 105. "A default judgment cannot withstand a direct attack by a defendant who shows that such defendant was not served in strict compliance with the law." *Frazier v. Dikovitsky*, 144 S.W.3d 146, 148 (Tex. App.—Texarkana 2004, no pet.). Strict compliance does not, however, require "absolute obeisance to the minutest detail." *Herbert v. Greater Gulf Coast Enters.*, 915 S.W.2d 866, 872 (Tex. App.—Houston [1st Dist.] 1995, no pet.).

The failure to note the hour the citation was received is not fatal. *Aguilar v. Livingston*, 154 S.W.3d 832, 835 (Tex. App.—Houston [14th Dist.] 2005, no pet.); 3 ROY W. McDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 11:66 (2d ed. 2000); *see Clark v. Wilson*, 31 Tex. 322, 327 (1868); *cf. TAC America's, Inc. v. Boothe*, 94 S.W.3d 315, 321 (Tex. App.—Austin 2002, no pet.) (questioning whether *Clark*, 31 Tex. at 327, was binding precedent and concluding *Clark* was distinguishable). We overrule this issue.

*(5)     The Clerk Need Not Verify the Return of Service*

Because the return is not verified, Company argues the citation fails to comply with Rule 107. Rule 107 provides "[t]he return of citation by an authorized person shall be verified." TEX. R. CIV. P. 107. Texas law is clear that a private process server is an "authorized person" and thus must

verify the return. *See, e.g., Frazier*, 144 S.W.3d at 149. The question in this case is whether a district clerk is included within the definition of "an authorized person."

Rule 107 recognizes two classes of process servers, "officers" or "authorized persons." The rule's verification requirement applies only to an "authorized person," not an "officer." This omission logically means that officers are not required to verify the return. In an unpublished opinion, the Corpus Christi Court of Appeals has concluded a sheriff need not verify returns. *DRC Distribs. v. Joiner*, No. 13-04-038-CV, 2006 Tex. App. LEXIS 1168 (Tex. App.—Corpus Christi Feb. 9, 2006, no pet.). In 1988, the Texas Rules of Civil Procedure were amended to permit courts "to authorize persons other than Sheriffs or Constables to service Citation." TEX. R. CIV. P. 103, cmt. 1988. Prior to 1988, the Rules merely required the return to be "signed by the officer officially." TEX. R. CIV. P. 107, 599–600 S.W.2d (Tex. Cases) p. xxxix (1981, amended 1988). The Rules did not previously require verification. The 1988 amendments added the requirement that "[t]he return of citation by an authorized person shall be verified." *See* TEX. R. CIV. P. 107, 733–34 S.W.2d (Tex. Cases) p. xlv (1988, amended 1990). We conclude that the intent of the rule is to include district clerks, with sheriffs and constables, within the meaning of the term "officers"—persons who, by virtue of their offices, are not required to verify returns. We overrule this issue.

*(6)      The Record Reveals No Violation of Section 410.253*

Company also claims there is error on the face of the record because the record does not contain evidence that Section 410.253 was satisfied.  Section 410.253 requires a party seeking judicial review to simultaneously "file a copy of the party's petition with the court" and "provide written notice of the suit or notice of appeal to the division."  TEX. LAB. CODE ANN. § 410.253 (Vernon 2006).

Company cites *Planet Insurance Company v. Serrano*, 936 S.W.2d 35, 37 (Tex. App.—San Antonio 1996, no writ), as support for its argument.  *Serrano*, though, does not support Company's argument.  In that case, the San Antonio Court of Appeals held that, "while the requirement for filing with the Commission within 40 days is mandatory and jurisdictional, the requirement for simultaneous filing with the Commission is directory."  *Id.* at 37.  The forty-day filing requirement, which the San Antonio court held was mandatory and jurisdictional, is contained in Section 410.252(a),[3] not Section 410.253.  *Compare* TEX. LAB. CODE ANN. § 410.252(a) *with* TEX. LAB. CODE ANN. § 410.253(a).  *Serrano* held the simultaneous filing requirement, which is contained in Section 410.253, was not jurisdictional.  *Serrano*, 936 S.W.2d at 37.  Thus, we discount the Company's reliance on *Serrano* for its argument that Section 410.253 is jurisdictional.  The Texas Supreme Court has held Section 410.253, although mandatory, is not jurisdictional.  *Nat'l Liab. &*

[3]We held above that venue requirements of Section 410.252(b) are not jurisdictional. *Serrano* concerned the forty-day filing requirement contained in Section 410.252(a). *See Serrano*, 936 S.W.2d at 37.  This Court has similarly held Section 410.252(a) was jurisdictional. *See Argonaut Sw. Ins. Co.*, 64 S.W.3d at 657.

12

*Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999).

There is no evidence that Section 410.253 was violated. The Texas Supreme Court has held a silent record will not show error if there is no duty to make sure the record affirmatively shows a particular fact. *See Gen. Elec. Co.*, 811 S.W.2d at 942. Company has not directed this Court to any authority that the record must affirmatively show compliance with Section 410.253. We will not presume, based on a silent record, that Section 410.253 was violated. The Texas Supreme Court has held the absence in the record of any proof of notice is "'just that - an absence of proof of error.' Accordingly, it is not error apparent on the face of the record, and could not support a restricted appeal." *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (quoting *Alexander*, 134 S.W.3d at 848).[4] Because there is no evidence in the record that Section 410.253 was violated, this Company point of error is overruled.

*(7)     The Record Reveals No Violation of Section 410.258*

Company claims there is error on the face of the record because the record does not contain evidence that Section 410.258 was satisfied. We disagree.

Section 410.258 requires "any proposed judgment . . ., including a proposed default judgment" to be filed "with the Executive Director of the Commission not later than the 30th day before the date on which the trial court is scheduled to enter the judgment . . ." TEX. LAB. CODE

---

[4]Company cites *Gold* for holding "the Court should not infer that notice was sent." As noted, *Gold* actually held the contrary.

ANN. § 410.258 (Vernon 2006). The default judgment in this case states, "Notification of this proposed judgment was sent to the Division of Workers' Compensation in accordance with Texas Labor Code § 410.258 and has been on file for not less than 30 days at the time of signing of this Default Judgment." Other than the above recital, the judgment contains no reference to satisfaction or violation of Section 410.258.

Company claims the record must affirmatively show, on its face, strict compliance with Section 410.258. In support of this argument, Company cites *Newsom v. Ballinger Indep. Sch. Dist.*, 213 S.W.3d 375 (Tex. App.—Austin 2006, no pet.); *Verlander Enters. v. Graham*, 932 S.W.2d 259, 262 (Tex. App.—El Paso 1996, no writ); and *C.W. Bollinger Ins. Co. v. Fish*, 699 S.W.2d 645, 647–48 (Tex. App.—Austin 1985, no writ). None of these cases are on point.

*Fish* concerned substituted service under the Insurance Code, not Section 410.258. *Fish*, 699 S.W.2d at 647. *Graham* concerned service of citation, not Section 410.258. *Graham*, 932 S.W.2d at 262. There are no presumptions concerning service of citation in a review of a no-answer default judgment. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). In *Newsom*, the parties agreed the first summary judgment was void under Section 410.258. *Newsom*, 213 S.W.3d at 377. The issue in that case concerned whether a trial court's plenary power depended on the validity of the first summary judgment. *Id*. at 378. Company has not provided us with any authority that strict compliance with Section 410.258 must be shown on the face of the record.

A recital in a judgment that Section 410.258 has been satisfied is presumed to be correct in the absence of evidence to the contrary. *S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 14 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). In *Brewster*, the appellant presented a certification to the appellate court that Section 410.258 had not been complied with, but the certification was not contained in the record. *Id*. In this case, there is no evidence, in or outside the record, that Section 410.258 has been violated. We agree that, unless the record controverts the recital, we must presume the recital in the judgment is correct. This issue is overruled.

*(8)       The Record Reveals No Erroneous Address for Service of Process*

Company also argues that, if the petition was delivered to the address indicated on the citation, service was made on Corporation Service Company rather than Insurance Company of the State of Pennsylvania. Company has not directed us to where the record contains evidence supporting this allegation. We have not been directed to any evidence that the petition was not served on Company or its authorized agent. In a restricted appeal, the error must appear on the face of the record. *See Gen. Elec. Co.*, 811 S.W.2d at 943. "Our system is founded upon a belief that trial courts should first be given the opportunity to consider and weigh factual evidence." *Id.* at 944. Since there is no evidence that the address was invalid, we overrule this issue.

For the reasons stated above, we affirm the judgment of the trial court.


_____ Josh R. Morriss, III
Chief Justice

Date Submitted:     April 21, 2008
Date Decided:       August 20, 2008

16