IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 08-0829
════════════
 
 
Insurance Company of the State 
of Pennsylvania, Petitioner,
 
v.
 
Edward Lejeune, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Sixth District of Texas
════════════════════════════════════════════════════
 
PER CURIAM
 
            
In this case we consider whether a default judgment must be overturned 
because the clerk’s endorsement of the return of citation lacked the time of 
service, as required by Rules 16 and 105 of the Texas Rules of Civil Procedure. 
“For well over a century, this court has required that strict compliance with 
the rules for service of citation affirmatively appear on the record in order 
for a default judgment to withstand direct attack.” Primate Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994) 
(per curiam) (citing Wilson v. Dunn, 800 S.W.2d 
833, 836 (Tex. 1990); Uvalde Country Club v. Martin Linen Supply Co., 690 
S.W.2d 884, 886 (Tex. 1985); McKanna v. 
Edgar, 388 S.W.2d 927, 929 (Tex. 1965); Flynt v. Kingsville, 82 S.W.2d 934, 934 (Tex. 
1935); Sloan v. Batte, 46 Tex. 215, 216 (1876); 
Roberts v. Stockslager, 4 Tex. 307, 309 
(1849)). Because we hold that the endorsement in this case did not satisfy Rules 
16 and 105, we reverse the court of appeals’ judgment and remand the case to the 
trial court.
            
Edward Lejeune filed a workers’ compensation 
claim with his employer’s carrier, Insurance Company of the State of 
Pennsylvania, for an injury he stated he suffered on the job. Insurance Co. 
denied his claim, and the parties participated in a contested case hearing 
before the Division of Workers’ Compensation. The hearing officer found that 
Lejeune’s injury was not compensable. The Appeals 
Panel of the Division subsequently affirmed that decision. Lejeune then sought review in district court. After 
Insurance Co. failed to respond to the suit, Lejeune 
moved for, and was granted, a default judgment. Approximately five months later, 
Insurance Co. filed a notice of restricted appeal, alleging that Lejeune failed to comply with the venue and service of 
citation rules governing his claim. The court of appeals disagreed and affirmed 
the default judgment. 261 S.W.3d 852, 861 (Tex. App.—Texarkana 
2008). Insurance Co. then petitioned for review in this Court. 52 Tex. Sup. Ct. J. 8 (Oct. 3, 2008).
            
A party can prevail in a restricted appeal only if:
 
(1) it filed notice of the restricted appeal within six 
months after the judgment was signed; (2) it was a party to the underlying 
lawsuit; (3) it did not participate in the hearing that resulted in the judgment 
complained of and did not timely file any postjudgment 
motions or requests for findings of fact and conclusions of law; and (4) error 
is apparent on the face of the record.
 
Alexander v. Lynda’s 
Boutique, 134 S.W.3d 
845, 848 (Tex. 2004) (citing Tex. R. App. P. 26.1(c), 30, and Quaestor Inv., Inc. v. State of Chiapas, 997 
S.W.2d 226, 227 (Tex. 1999)). The only element at issue in 
this case is the fourth: whether there is error apparent on the face of the 
record.
            
Insurance Co. argues that the clerk’s defective endorsement of the return 
of citation, which failed to include the hour of receipt of citation as required 
by the Texas Rules of Civil Procedure, constitutes error on the face of the 
record.1 Texas Rule of Civil Procedure 16, which 
governs service of process in general, provides that “[e]very officer or 
authorized person shall endorse on all process and precepts coming to his hand 
the day and hour on which he received them.” Tex. R. Civ. P. 16. Rule 105, which 
governs service of citation, states that “[t]he officer or authorized person to 
whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return 
the same without delay.” Tex. R. Civ. 
P. 105.
            
Strict compliance with the rules governing service of citation is 
mandatory if a default judgment is to withstand an attack on appeal. Primate 
Constr., 884 S.W.2d at 
152. Failure to comply with these rules constitutes error on the face of 
the record. Id. at 153 (“Proper service not being affirmatively shown, 
there is error on the face of the record, and the court of appeals erred in 
holding otherwise.”). Here, although Lejeune served 
Insurance Co. by certified mail, the record shows that the return of citation 
lacks the required notation showing the hour of receipt of citation. Lejeune’s default judgment, therefore, cannot stand. Accordingly, without hearing oral argument, Tex. R. App. P. 59.1, we reverse the court 
of appeals’ judgment and remand the case to the trial court for further 
proceedings consistent with this opinion.
 
OPINION DELIVERED: October 30, 2009







[1] 
Insurance Co. also argues that Lejeune’s 
failure to bring suit in his county of residence at the time of his injury 
violated the Workers’ Compensation Act, see Tex. Lab. Code 
§ 410.252(b), and that the record lacks proof that Lejeune complied with the Act’s requirement that copies of 
the petition and judgment be served on the Division, see id. §§ 410.253(a), 410.258(a). Because we decide this case on the 
service of citation issue, we need not address these other 
arguments.