# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00482-CV

**Kevin Newsom, Individually and as Guardian and Next Friend of L.W.N., C.G.N., and C.J.N., Minors, and Texas Department of Insurance, Division of Workers' Compensation, Appellants**

**v.**

**Ballinger Independent School District, Appellee**

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT NO. 13,810, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## O P I N I O N

Appellant Kevin Newsom appeals the district court's summary judgment in favor of appellee Ballinger Independent School District ("Ballinger"). The district court rendered two identical summary judgments in 2005—one in April and one in August—disposing of all claims and parties. The Texas Department of Insurance, Division of Workers' Compensation[1] (the "Division") contends that the second summary judgment is void because it was signed after the district court's plenary power had expired. All parties agree that the first summary judgment is void because of Ballinger's failure to comply with a statutory mandate to send the proposed judgment to the Division before its entry. Tex. Lab. Code Ann. § 410.258(a), (f) (West 2006). However, the first judgment

---

[1] The Division of Workers' Compensation was formerly known as the Texas Workers' Compensation Commission.

was not directly attacked at the district court and was not set aside as void. The parties disagree as to the effect the void summary judgment had on the plenary power of the district court and whether or not this Court acquired jurisdiction after Newsom perfected his appeal of the first summary judgment. Because we hold that the district court's plenary power expired before it signed the second summary judgment, we set it aside as void and dismiss the corresponding appeal. We also hold that this Court has jurisdiction over Newsom's appeal of the first summary judgment. Accordingly, we set aside the first summary judgment as void and dismiss Newsom's appeal.

## BACKGROUND

On Saturday, November 22, 2003, Cecyle Newsom[2] was fatally injured in an automobile accident. Cecyle was employed by Ballinger as the eighth grade girls' basketball coach. At the time of her accident, Cecyle was driving to the school complex to conduct a practice.

Cecyle's husband, Kevin, filed a claim for workers' compensation benefits on behalf of himself and the couple's three sons. Ballinger denied the claim on the basis that Cecyle's death did not occur in the "course and scope of her employment." The Division held a contested case hearing in June 2004 to determine whether her death resulted from a compensable injury. The hearing officer found that Cecyle was acting in the course and scope of her employment at the time of her death and concluded that her family was entitled to benefits. Ballinger appealed the hearing officer's decision to the Division's appeals panel. The appeals panel affirmed the hearing officer's decision.

---

[2] For clarity, we will refer to appellant Kevin Newsom as "Newsom" and will refer to his wife, Cecyle Newsom, by her first name.

In September 2004, Ballinger sought judicial review in district court. In its original petition, Ballinger maintained that Cecyle was merely driving to work when the accident took place. Ballinger moved for summary judgment on the grounds that labor code section 401.011(12)(A) defined the phrase "course and scope of employment" to exclude travel to and from a person's place of employment. Accordingly, Ballinger argued that Cecyle's death was non-compensable and the Division's benefits award should be reversed.

The district court granted Ballinger's motion and rendered summary judgment reversing the Division's award of death benefits to Newsom's family. On April 5, 2005, the district court signed its first summary judgment. Newsom filed a motion for new trial, which was overruled by operation of law on June 20, 2005. *See* Tex. R. Civ. P. 329b(c). On July 18, Newsom filed his notice of appeal with the district court.[3]

---

[3] At oral argument, the timeliness of Newsom's notice of appeal was challenged. Generally, a notice of appeal must be filed within 30 days after the judgment was signed. Tex. R. App. P. 26.1. However, the notice of appeal must be filed within 90 days after the judgment is signed if any party files a motion for new trial. *Id*. 26.1(a)(1). Newsom filed a motion for new trial. Thus, the deadline for timely filing his notice of appeal was July 5, 2005. Newsom filed his notice of appeal on July 18. At oral argument, Newsom's counsel stated that he mistakenly filed the notice of appeal after the July 5 deadline based on his incorrect belief that the time period for filing the notice began on the date the district court filed the summary judgment, which was April 18, 2005.

An appellate court may grant a 15 day extension for filing a notice of appeal. *See id*. 26.3. A motion for extension must state the facts relied on to reasonably explain the need for an extension. *Id*. 10.5(b)(2)(A). The supreme court has held that a reasonable explanation is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *See Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). A motion for extension to file a notice of appeal is implied when an appellant, acting in good faith, files a notice of appeal within the 15 day extension period. *See Hone*, 104 S.W.3d at 886 (citing *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997)). Accordingly, we consider Newsom's notice of appeal as an implied motion for an extension to file a notice of appeal, accept his counsel's explanation as reasonable, and grant the extension.

On July 13, Ballinger discovered that it failed to comply with labor code section 410.258. Section 410.258(a) requires a party seeking judicial review of an appeals panel decision regarding death benefits to file with the Division any proposed judgment at least thirty days before the reviewing court enters the judgment. Tex. Lab. Code Ann. § 410.258(a). A judgment entered without complying with section 410.258's requirements is void. *Id*. § 410.258(f). After discovering its error, Ballinger attempted to correct the problem by asking the district court to enter a second summary judgment; Ballinger did not ask the district court to set aside the April 5 summary judgment as void. On July 18, Ballinger filed a notice of submission of judgment with the Division and the district court. Ballinger attached a copy of a proposed summary judgment, an exact duplicate of the void April 5 judgment. The notice stated that the attached summary judgment was to be submitted to the district court for consideration, execution and filing on or after August 15.

On August 9, the Division conditionally intervened to contest the district court's jurisdiction over the case. The Division argued that the April 5 summary judgment constituted a final disposition of the case and that the court's plenary power had expired. Accordingly, the Division suggested that the district court lacked jurisdiction to sign a second summary judgment. The Division also claimed that the appellate court had acquired jurisdiction over the case because Newsom had already appealed the April 5 summary judgment.

The district court held a telephonic hearing on August 31 to determine whether it had jurisdiction to sign the second summary judgment. Ballinger and Newsom both asserted that the district court maintained plenary power over the dispute because its April 5 summary judgment was void. Essentially, Ballinger and Newsom argued that because the summary judgment was void it

4

could not constitute a final judgment and, consequently, the district court never lost jurisdiction of the case. The Division did not dispute that the April 5 summary judgment was void, but argued that by August the district court lacked jurisdiction to set it aside. Ultimately, the district court signed the second summary judgment on August 31. This appeal followed.

## DISCUSSION

On appeal, the Division contends that the district court lacked jurisdiction to sign the August 31 summary judgment because its plenary power had expired. The Division argues further that the April 5 summary judgment is final for the purposes of appeal, that Newsom appealed the April 5 summary judgment and that this Court has jurisdiction to declare it void. Newsom insists that a judgment cannot be both void and final. Thus, he claims that the district court had jurisdiction to issue the August 31 summary judgment and asks this Court to address that judgment on the merits. Newsom maintains that on the merits, the district court improperly granted summary judgment because a genuine issue of material fact exists regarding whether Cecyle Newsom was acting in the course and scope of her employment at the time of her death. Before we can reach the merits of the underlying dispute, we must first determine whether the district court had jurisdiction to sign the August 31 summary judgment.

### August 31 summary judgment

The Division contends that the August 31 summary judgment is void because the district court's plenary power ran from the date it signed the April 5 summary judgment and expired before the court signed and entered the August 31 summary judgment. We agree.

5

A trial court retains plenary power to vacate, modify, correct, or reform its judgment at any time until the judgment becomes final thirty days after it is signed or thirty days after a timely motion for new trial has been overruled. *See* Tex. R. Civ. P. 306a (time periods run from date judgment is signed), 329b (motions for new trial and motions to modify, correct, or reform judgment extend duration of trial court's plenary power); *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993); *In re Garza*, 153 S.W.3d 97, 102 (Tex. App.—San Antonio 2004, no pet.). Within this time period, the trial court's power to modify its judgment has been described as "practically unlimited" or "virtually absolute." *Rogers v. Clinton*, 794 S.W.2d 9, 12 (Tex. 1990) (Cook, J., dissenting); *Cook v. Cook*, 888 S.W.2d 130, 131 (Tex. App.—Corpus Christi 1994, no writ). But judicial action taken after a trial court's plenary power has expired is void. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

In this case, Newsom filed a motion for new trial. Because the record does not contain a written order granting or denying the motion, we presume that it was overruled by operation of law seventy-five days after the April 5 summary judgment was signed. *See* Tex. R. Civ. P. 329b(c). Under rule 329b(e), a trial court has plenary power, regardless of whether an appeal has been perfected, until thirty days after a motion for new trial is overruled by written order or by operation of law, whichever comes first. Therefore, the district court lost plenary power over the underlying dispute 105 days after it signed the summary judgment, on July 19, 2005.

Ballinger agrees that the district court lacked jurisdiction to sign the April 5 summary judgment and that the April 5 summary judgment is void due to Ballinger's failure to comply with section 410.258. But Ballinger contends that a court's plenary power cannot begin to run from the

6

date on which a void judgment is signed. Consequently, Ballinger argues that the district court never lost plenary power over the dispute and properly entered the August 31 summary judgment, which is the only valid final judgment in this case.

A trial court's plenary power is not contingent upon the validity of its judgment, as Ballinger claims. If Ballinger's argument were correct, then a trial court would retain plenary power to set aside a judgment at any time if it is subsequently determined to have been void.[4] In *Middleton v. Murff*, the supreme court explicitly disapproved of the proposition that "if a judgment rendered by a trial court is void it may be set aside by that court at any time." 689 S.W.2d 212, 213 (Tex. 1985). A judgment can become final even if it is void. *See, e.g., In re Vlasak*, 141 S.W.3d 233, 237-38 (Tex. App.—San Antonio 2004, orig. proceeding) (recognizing that "the trial court can render a final judgment even if it lacks personal jurisdiction—the judgment is void if challenged, but it is no less final"). Moreover, Ballinger's proposition undermines the fundamental policy that judgments must become final at some point. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). The very purpose of limiting a trial court's plenary power over a proceeding is to foreclose the possibility of a suit continuing indefinitely even though a final judgment has been obtained. *Malone v. Hampton*, 182 S.W.3d 465, 470 (Tex. App.—Dallas 2006, no pet. h.).

No party disputes that the April 5 summary judgment disposed of all the claims and parties before the district court. Therefore, it was final for the purposes of appeal. *See Lehmann v.*

---

[4] A judgment is void only when it is apparent that the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (quoting *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)).

*Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). The April 5 summary judgment was neither directly attacked nor declared void by the district court. Accordingly, we hold that upon signing the April 5 summary judgment the period of the district court's plenary power had a termination date under the rules of civil procedure, whether or not the summary judgment was void. Consequently, the district court's plenary power expired on July 19, before it signed the August 31 summary judgment. We set aside the August 31 summary judgment as void and dismiss the parties' appeal of that judgment. *See Owens*, 907 S.W.2d at 486.

**April 5 summary judgment**

In its second issue, the Division contends that Newsom perfected his appeal of the April 5 summary judgment and that this Court has jurisdiction to declare it void. We agree.

A court of appeals acquires jurisdiction over all parties to the challenged judgment once any party perfects an appeal. Tex. R. App. P. 25.1(b). Even a void judgment can become final for the purposes of appeal. *See In re Vlasak*, 141 S.W.3d at 238. Newsom perfected his appeal on July 18, 2005, when he filed his notice of appeal. Tex. R. App. P. 25.1(a). As previously discussed, the district court lost plenary jurisdiction over this dispute on July 19, 2005. Therefore, this Court has exclusive jurisdiction over Newsom's appeal.

Ballinger readily admits that it failed to comply with labor code section 410.258(a)'s requirement that it submit a proposed judgment to the Division thirty days prior to the district court's April 5 summary judgment. Labor code section 410.258(f) explicitly provides, "A judgment entered or settlement approved without complying with the requirements of this section is void." Thus, we set aside the April 5 summary judgment as void and dismiss Newsom's appeal.

8

## CONCLUSION

We hold that the district court's plenary power expired before it signed the August 31 summary judgment; we set aside that judgment as void and dismiss the corresponding appeal. We also hold that this Court has jurisdiction over Newsom's appeal of the April 5 summary judgment. We hold that the April 5 summary judgment is void, set it aside and dismiss Newsom's appeal. Because both summary judgments are void, the underlying dispute remains pending before the district court.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Dismissed

Filed:   April 28, 2006

9