

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-205-CV**

TEXAS DEPARTMENT OF INSURANCE,                                    APPELLANT
DIVISION OF WORKERS' COMPENSATION

V.

ALBERTSON'S INC.,                                                            APPELLEE
A CERTIFIED SELF-INSURED

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This appeal concerns which of four separate judgments is the proper final

judgment in this case.  Both parties agree that the first judgment, signed April

10, 2003, is final and binding.  Consequently, the subsequent judgments signed

on October 4, 2004 and October 22, 2007, and the April 1, 2008 "order" from

---

[1]  *See* Tex. R. App. P. 47.4.

which this appeal is taken are void because the trial court had no plenary power to render those judgments.[2]

Accordingly, we vacate the April 1, 2008 order and dismiss this appeal for want of jurisdiction.[3]

PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED:  March 19, 2009

---

[2] *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985)(trial court has no "jurisdictional power" to vacate judgment under Tex. R. Civ. P. 329(b) after expiration of time within which it has plenary power unless judgment is void for lack of subject matter jurisdiction); *Newsom v. Ballinger I.S.D.*, 213 S.W.3d 375, 380 (Tex. App.–Austin, no pet.) (*same*); *see* Tex. R. Civ. P. 329(b) (on expiration of the time within which the trial court has plenary power a judgment cannot be set aside by the trial court except by bill of review, provided that the court may correct clerical errors in the judgment and declare a prior judgment void for lack of plenary jurisdiction).

[3] *See City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985) ("If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause.").