COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-205-CV

 

 

TEXAS DEPARTMENT OF INSURANCE,                                   APPELLANT



DIVISION OF WORKERS= COMPENSATION

 

                                                   V.

 

ALBERTSON=S INC.,                                                               APPELLEE

A CERTIFIED SELF-INSURED

 

                                              ------------

 

         FROM COUNTY COURT AT LAW
NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This appeal concerns which of four separate
judgments is the proper final judgment in this case.  Both parties agree that the first judgment,
signed April 10, 2003, is final and binding. 
Consequently, the subsequent judgments signed on October 4, 2004 and
October 22, 2007, and the April 1, 2008 Aorder@ from
which this appeal is taken are void because the trial court had no plenary
power to render those judgments.[2]

Accordingly, we vacate the April 1, 2008 order
and dismiss this appeal for want of jurisdiction.[3]

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON
and WALKER, JJ.

DELIVERED:  March 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]Middleton v. Murff, 689 S.W.2d 212, 213
(Tex. 1985)(trial court has no Ajurisdictional power@ to vacate judgment under
Tex. R. Civ. P. 329(b) after expiration of time within which it has plenary
power unless judgment is void for lack of subject matter jurisdiction); Newsom
v. Ballinger I.S.D., 213 S.W.3d 375, 380 (Tex. App.BAustin, no pet.) (same);
see Tex. R. Civ. P. 329(b) (on expiration of the time within which the
trial court has plenary power a judgment cannot be set aside by the trial court
except by bill of review, provided that the court may correct clerical errors
in the judgment and declare a prior judgment void for lack of plenary jurisdiction).





[3]See City of Garland v.
Louton,
691 S.W.2d 603, 605 (Tex. 1985) (AIf the trial court lacks subject matter jurisdiction,
the appellate court can make no order other than reversing the judgment of the
court below and dismissing the cause.@).