TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00117-CV






Jeffrey S. Kelly, Pamela K. Kelly and Jeff Kelly Construction, Appellants


v.


Stock Building Supply of Texas, L.P. d/b/a Stock Building Supply, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT

NO. D-1-GN-08-001020, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING




O R D E R


PER CURIAM

 Appellee has filed a Motion to Dismiss for Want of Jurisdiction, contending that
the notice of appeal was untimely filed. Appellants have filed Appellants' Motion for Extension
of Time, requesting an extension of time to file their notice of appeal. Appellee has filed a
Supplemental Motion to Dismiss for Want of Jurisdiction, asserting that the appeal should be
dismissed because appellants had not timely requested or paid for the clerk's record.

 The following dates are relevant and not disputed:


 November 20, 2008 judgment

 December 19, 2008 motion for new trial filed

 February 18, 2009 notice of appeal due

 March 5, 2009 notice of appeal filed

 April 23, 2009 clerk's record filed

Appellants' undisputedly timely motion for new trial gave them the 90-day period for filing their
notice of appeal. See Tex. R. Civ. P. 329b(a); Tex. R. App. P. 26.1(a)(1). Their notice of appeal was
undisputedly filed on the last day of the 15-day period for which extensions of time are permissible,
albeit without an accompanying motion for extension. See Tex. R. App. P. 26.3.

 The notice of appeal served as a de facto but defective motion for extension. See
Verburgt v. Dorner, 959 S.W.2d 615, 615 (Tex. 1997). It was defective because it lacked the
required "reasonable explanation" of why the extension should be granted. Tex. R. App. P. 10.5,
26.3. A reasonable explanation is "any plausible statement of circumstances indicating that failure
to file within the [specified] period was not deliberate or intentional, but was the result of
inadvertence, mistake or mischance." See Hone v. Hanafin, 104 S.W.3d 884, 886 (Tex. 2003)
(quoting Meshwert v. Meshwert, 549 S.W.2d 383, 384 (Tex. 1977)); see also Newsom v. Ballinger
Indep. Sch. Dist., 213 S.W.3d 375, 377 n.3 (Tex. App.--Austin 2006, no pet.). Appellants explain
in their subsequent motion for extension of time to file their notice of appeal that they, in good
faith, confused the plenary power deadline with the notice of appeal deadline. That explanation is
adequate to warrant an extension of time. See Hone, 104 S.W.3d at 886.

 In a Supplemental Motion to Dismiss for Want of Jurisdiction, appellee asserts that
this appeal should be dismissed because appellants failed to timely request and pay for the clerk's
record. The record was due March 20, 2009. See Tex. R. App. P. 35.1(a). After appellee filed its
motion, the clerk's record was filed on April 23, 2009. The rules expressly permit appellate courts
to file clerk's records late even when the lateness is the appellants' fault. See Tex. R. App. P.
35.3(c). We will file the record and proceed toward addressing this appeal on its merits.

 Appellants' Motion for Extension of Time is granted. Because the notice of appeal
is accordingly timely filed, appellee's Motion to Dismiss for Want of Jurisdiction and Supplemental
Motion to Dismiss for Want of Jurisdiction are denied.

 Ordered May 15, 2009.



Before Chief Justice Jones, Justices Pemberton and Waldrop