# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00369-CV

**Texas Mutual Insurance Company, Appellant**

**v.**

**Camille Laird, Individually and on behalf of minors W. L. and B. L., and
Baylee Alexis Laird, Individually, Appellees**

### FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 20-1831-C425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

## O P I N I O N

Texas Mutual Insurance Company appeals a judgment awarding death benefits under the Texas Workers' Compensation Act.[1] The judgment awards the benefits to Camille Laird, both individually and on behalf of her minor children W.L. and B.L., and Baylee Alexis Laird, individually (collectively, the Lairds). The Lairds have moved to dismiss this appeal under a statute within the Act that makes a judgment void if the proposed judgment has not first been filed with the Division of Workers' Compensation of the Department of Insurance. *See* Tex. Lab. Code § 410.258(a), (f). Because the statute makes the judgment here void, we lack jurisdiction to proceed to the merits of this appeal, declare the judgment void, and dismiss the appeal.

---

[1] *See generally* Tex. Lab. Code §§ 401.001–419.007.

# BACKGROUND[2]

The Lairds' underlying suit is for judicial review of a final decision of a Division appeals panel. The panel had denied workers'-compensation compensability for the death of William Laird.[3] At the end of the contested bench trial, the trial court asked each side to prepare a proposed judgment. Three days later, the court indicated that it would rule in the Lairds' favor. The parties exchanged drafts of a proposed judgment to carry out the court's intent. The parties submitted to the court the form of the judgment that they had agreed on, and the court soon signed that judgment. That is the judgment that Texas Mutual appeals. Neither the judgment nor any proposed judgment in the suit had been filed with the Division before the court signed its judgment.

After Texas Mutual perfected this appeal, the Lairds moved to dismiss the appeal, arguing that because no proposed judgment was filed with the Division before the trial court signed its judgment, the signed judgment is void. Texas Mutual has responded to the Lairds' motion to dismiss, and both sides have attached to their filings affidavits to support their positions.

# DISCUSSION

Although appeals may be taken from void judgments, a court of appeals faced with a void judgment has no jurisdiction to consider the merits of the appeal. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam); *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). Instead, the court of appeals may declare the

---

[2] Some of the Background is drawn from affidavits that either Texas Mutual or the Lairds have attached to their filings in this Court about the jurisdictional matters raised. Both sides say that we may consider their affidavits' contents because by statute we "may, on affidavit or otherwise, as [we] may determine, ascertain the matters of fact that are necessary to the proper exercise of [our] jurisdiction." *See* Tex. Gov't Code § 22.220(c).

[3] William was Camille's husband and Baylee's father.

judgment void and make appropriate orders based on that determination, usually dismissing the appeal. *See Freedom Commc'ns*, 372 S.W.3d at 623; *Owens*, 907 S.W.2d at 486; *Newsom v. Ballinger ISD*, 213 S.W.3d 375, 379–80 (Tex. App.—Austin 2006, no pet.); *Waite v. Waite*, 150 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

## I.   The judgment on appeal here is void.

A statute within the Texas Workers' Compensation Act provides that certain judgments that have not first been filed with the Division are for that reason void:

> (a) The party who initiated a proceeding under this subchapter or Subchapter G must file any proposed judgment or settlement, including a proposed default judgment or proposed agreed judgment, with the division not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement.
>
>  . . . .
>
> (f) A judgment entered or settlement approved without complying with the requirements of this section is void.

Tex. Lab. Code § 410.258(a), (f). It is undisputed here that no judgment or proposed judgment was filed with the Division for any length of time before the trial court signed its judgment. Its signed judgment therefore is void. *See Newsom*, 213 S.W.3d at 377–78, 380.

Texas Mutual resists this conclusion in five ways, arguing that (1) the judgment is not void under an opinion of this Court that interpreted an older version of the statute, (2) any voidness problem has been cured, (3) the Lairds should not be heard to attack the judgment as void because they did not attack it in the trial court and have not cross-appealed it, (4) the statute does not deprive trial courts of any subject-matter jurisdiction to sign judgments, and (5) the statute violates the constitutional separation of powers. None of Texas Mutual's arguments persuades us.

3

### A. Brooks *no longer controls the interpretation of Section 410.258(a).*

Texas Mutual first relies on our opinion in *Texas Property & Casualty Insurance Guaranty Ass'n v. Brooks*, in which we interpreted an older version of Section 410.258(a). *See generally* 269 S.W.3d 645 (Tex. App.—Austin 2008, no pet.). There, we relied on language that has since been deleted from the statute. We concluded that the former version of the statute did not apply to a judgment reached after fully adversarial proceedings in the trial court because the statute specified that it applied to "any proposed judgment . . . *made by the parties to the proceedin*g." *See id.* at 648–51 (emphasis added) (quoting Act of May 24, 1997, 75th Leg., R.S., ch. 1267, § 2, sec. 410.258(a), 1997 Tex. Gen. Laws 4792, 4793 (amended 2017)).

That key language was deleted from the statute in 2017. *See* Act of May 12, 2017, 85th Leg., R.S., ch. 271, § 2, sec. 410.258(a), 2017 Tex. Gen. Laws 499, 500. With the key language now gone, *Brooks* is distinguishable, and current Section 410.258 applies even to judgments reached after fully adversarial proceedings. *See Newsom*, 213 S.W.3d at 377–78, 380 (Section 410.258 made void a summary judgment that one side had moved for in adversarial proceedings in trial court).

Texas Mutual says that this view of *Brooks* amounts to overruling that case. Not so—*Brooks* is not overruled, but its interpretation of Section 410.258(a) no longer controls that statutory language because language essential to *Brooks*'s interpretation was deleted.

Texas Mutual next argues that we still must follow *Brooks* because of the *stare decisis* principles explained in *Mitschke v. Borromeo*. *See generally* 645 S.W.3d 251 (Tex. 2022). But there, the Supreme Court of Texas said that "three-judge panels must follow *materially indistinguishable* decisions of earlier panels of the same court unless a higher authority has superseded that prior decision." *Id.* at 256 (emphasis added). *Brooks* is now materially

4

distinguishable because "an applicable legislative . . . provision" has materially changed the statutory language at issue, superseding *Brooks*'s interpretation of the statute. *See id.* at 256–57.

Finally, Texas Mutual points to an opinion from our sister court that relied on *Brooks* even after the 2017 amendment to Section 410.258(a). *See Ace Am. Ins. Co. v. Elmer*, No. 05-19-00386-CV, 2020 WL 5525181, at \*4 (Tex. App.—Dallas Sept. 15, 2020, pet. denied) (mem. op.). We respectfully disagree with our sister court that *Brooks* continues to state the proper interpretation of Section 410.258(a).[4]

**B.** ***The judgment's voidness problem was not cured by events occurring after the judgment was signed.***

Texas Mutual next argues that even if the judgment once had a voidness problem, that problem has now been cured by post-judgment operation of other subsections of Section 410.258. Those subsections work together to allow the Division to intervene in "a proceeding under Subsection (a)" then allow for judgment if the Division does not intervene within a 30-day period:

> (b) The division may intervene in a proceeding under Subsection (a) not later than the 30th day after the date of receipt of the proposed judgment or settlement.
>
> (c) The commissioner shall review the proposed judgment or settlement to determine compliance with all appropriate provisions of the law. If the commissioner determines that the proposal is not in compliance with the law, the division may intervene as a matter of right in the proceeding not later than the 30th day after the date of receipt of the proposed judgment or settlement. The court may

---

[4] The other case that *Elmer* relied on also relied on *Brooks* but was issued before the 2017 amendment. *See Ace Am. Ins. Co. v. Elmer*, No. 05-19-00386-CV, 2020 WL 5525181, at \*4 (Tex. App.—Dallas Sept. 15, 2020, pet. denied) (mem. op.) (citing *Clewis v. Safeco Ins. Co. of Am.*, 287 S.W.3d 197, 202–03 (Tex. App.—Fort Worth 2009, no pet.)); *see Clewis*, 287 S.W.3d at 201–02 (citing and quoting *Texas Prop. & Cas. Ins. Guar. Ass'n v. Brooks*, 269 S.W.3d 645, 647–51 (Tex. App.—Austin 2008, no pet.)).

limit the extent of the division's intervention to providing the information described by Subsection (e).

(d) If the division does not intervene before the 31st day after the date of receipt of the proposed judgment or settlement, the court shall enter the judgment or approve the settlement if the court determines that the proposed judgment or settlement is in compliance with all appropriate provisions of the law.

(e) If the division intervenes in the proceeding, the commissioner shall inform the court of each reason the commissioner believes the proposed judgment or settlement is not in compliance with the law. The court shall give full consideration to the information provided by the commissioner before entering a judgment or approving a settlement.

Tex. Lab. Code § 410.258(b)–(e). From these provisions, Texas Mutual argues that even if the judgment was void when the trial court signed it, the judgment has since stopped being void because, post-judgment, the Lairds sent it to the Division and 30 days elapsed without the Division's intervening in the suit.

We reject this argument (1) because of the text and structure of Section 410.258, (2) under this Court's applicable precedent, and (3) because the kind of post-judgment intervention contemplated by Texas Mutual's position is generally not allowed. *First*, the chain of events that Texas Mutual relies on—the post-judgment sending of the judgment to the Division and the Division's ensuing failure to intervene—does not come within subsections (b) and (d)'s ambit. Subsection (b) begins by referring to "a proceeding under Subsection (a)," that is, a proceeding in which a proposed judgment was filed with the Division not later than 30 days before the date on which the court is scheduled to enter the judgment. *See id.* § 410.258(a), (b). Here, the proceeding was not "a proceeding under Subsection (a)" because no proposed judgment was ever filed with

6

the Division before the trial court signed its judgment.[5]   Because the proceeding was not "a proceeding under Subsection (a)," Subsection (b)'s provision for Division intervention within the 30-day period was not triggered, and in turn Subsection (d)'s consequences for a lack of Division intervention within the 30 days were not triggered either.  *See Texas Student Hous. Auth. v. Brazos Cnty. Appraisal Dist.*, 460 S.W.3d 137, 141 (Tex. 2015) (statutes should be interpreted by focusing not "on isolated words or phrases but on the statute as a cohesive, contextual whole").

*Second*, as for our Court's applicable precedent, in *Newsom* we concluded that the relevant summary judgment was void even though after it had been signed, it was filed with the Division and the Division did not intervene in the suit to contest the summary judgment's "compliance with the law."[6]  *See* 213 S.W.3d at 377–78, 380; Tex. Lab. Code § 410.258(c), (e) (providing that Division intervention in suit is for purposes of explaining whether proposed judgment is in "compliance with all appropriate provisions of the law").  As in *Newsom*, the trial court's judgment here is still void even though it has since been sent to the Division, 30 days have elapsed, and the Division has not intervened in the suit for the purposes described by Subsections (c) and (e).

*Third*, Texas Mutual's position calls for a kind of post-judgment intervention prohibited by relevant case law and without any indication in the statute that the Legislature sought

---

[5]  Even though there is some difference between the event referred to in Subsection (a)—"the date on which the court is scheduled to enter the judgment"—and a trial court's act of signing its judgment, our precedent confirms that the signing of a judgment without a preceding filing of any proposed judgment with the Division for the requisite 30 or more days makes the judgment void under Subsections (a) and (f).  *See Newsom v. Ballinger ISD*, 213 S.W.3d 375, 377–78, 380 (Tex. App.—Austin 2006, no pet.).

[6]  Instead, the Division intervened only to argue that the summary judgment was final and that the trial court had lost plenary power over it.  *See Newsom*, 213 S.W.3d at 378.

7

to alter that case law. *See In re Allen*, 366 S.W.3d 696, 706 (Tex. 2012) (orig. proceeding) ("We presume the Legislature is aware of relevant case law when it enacts or modifies statutes. 'A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it.'" (quoting *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990))); *see also HouseCanary, Inc. v. Title Source, Inc.*, 622 S.W.3d 254, 264 (Tex. 2021) (concluding that statute did not displace certain rules of civil procedure because statute lacked any such indication); *Marino v. Lenoir*, 526 S.W.3d 403, 409 (Tex. 2017) ("[W]e construe statutory language against the backdrop of common law, assuming the Legislature is familiar with common-law traditions and principles."). To begin with, the judgment here was final even though it was void. *See Newsom*, 213 S.W.3d at 379. And after a final judgment in a suit, intervention is generally improper unless the court sets aside the judgment. *See State v. Naylor*, 466 S.W.3d 783, 788–89 (Tex. 2015); *State & Cnty. Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, orig. proceeding). Texas Mutual has made no showing that post-judgment intervention by the Division in the circumstances that Texas Mutual contemplates fits within the few exceptions to the general rule prohibiting post-judgment intervention. *See, e.g.*, *Naylor*, 466 S.W.3d at 791 (exception allowing post-judgment intervention by persons both possessing virtual-representation standing and passing balance-of-equities test); *Breazeale v. Casteel*, 4 S.W.3d 434, 436 (Tex. App.—Austin 1999, pet. denied) (exception allowing post-judgment intervention for protecting interests threatened by turnover proceedings but not for contesting merits of judgment). Nothing in Section 410.258 suggests that the Legislature intended to carve into the case law a new exception to the general rule prohibiting post-judgment interventions. All this suggests why Section 410.258 instead requires *pre*-judgment notice to the Division and

accompanying *pre*-judgment intervention by the Division when it chooses to do so. *See* Tex. Lab. Code § 410.258(a)–(f).

In sum, we reject Texas Mutual's argument that the judgment here was cured of its voidness by events occurring after the judgment was signed.

**C.** ***The Lairds may attack the judgment as void despite not having done so in the trial court and not cross-appealing.***

Texas Mutual's third argument against concluding that the judgment is void is that the Lairds should not be heard to attack the judgment because they did not attack it in the trial court and did not cross-appeal it. This argument does not account for the rule that a judgment that is void (and not merely voidable) is for that reason subject to collateral attack "at any time." *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012); *accord In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012).

**D.** ***We need not resolve Texas Mutual's argument that Section 410.258 does not deprive trial courts of subject-matter jurisdiction to sign judgments.***

Fourth, Texas Mutual argues that Section 410.258 did not deprive the trial court of subject-matter jurisdiction to sign the judgment. We see this argument as beside the point. Whatever doctrinally underpins the voidness that Section 410.258 imposes, *see, e.g.*, *Metropolitan Transit Auth. v. Jackson*, 212 S.W.3d 797, 801 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (reasoning that voidness imposed by Section 410.258 caused trial court to lack subject-matter jurisdiction to sign judgment at issue), we do not have to decide here whether the statute deprives trial courts of subject-matter jurisdiction to sign judgments.[7] It is enough to conclude that we have

---

[7] We are not dealing here with the trial court's subject-matter jurisdiction *over the Lairds' suit*—we are dealing only with Texas Mutual's argument about subject-matter jurisdiction *to sign judgments*. There is no suggestion in the parties' filings about the Lairds' motion to dismiss this

before us a void judgment—we cannot reach the merits of an appeal from a void judgment. *See Freedom Commc'ns*, 372 S.W.3d at 623; *Owens*, 907 S.W.2d at 486.

### E.      *Texas Mutual has not shown a separation-of-powers violation.*

Finally, Texas Mutual appears to state a separation-of-powers attack on Section 410.258. It argues that "construing [Section 410.258] as both mandatory and jurisdictional is an improper incursion into a court's core power to enter judgments," a power that Texas Mutual says belongs to all "entit[ies] in the judicial branch," citing as support *Ex parte Lo*, 424 S.W.3d 10, 29 (Tex. Crim. App. 2013) (op. on reh'g) (per curiam).[8]

As we said above, we need not decide whether Section 410.258 deprives a trial court of subject-matter jurisdiction to sign judgments. We thus construe Texas Mutual's argument as challenging Section 410.258 as an unconstitutional infringement on the judicial power, under Article II, section 1 of the Texas Constitution.

"In evaluating whether a statute is constitutionally infirm, we presume at the outset that it is constitutional." *City of Houston v. Houston Pro. Fire Fighters' Ass'n, Loc. 341*, 664 S.W.3d 790, 798 (Tex. 2023). "A party challenging a statute as unconstitutional bears a heavy burden to overcome this presumption." *Id.* "We give statutes a constitutional reading if one is feasible." *Id.* A separation-of-powers violation occurs (with other possibilities not raised here) when "one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers." *Sullivan v. Texas Ethics Comm'n*, 660 S.W.3d 225,

---

appeal that the trial court lacks subject-matter jurisdiction over the Lairds' suit because of Section 410.258.

[8] There is no further development of this argument in Texas Mutual's response to the motion to dismiss.

10

237 (Tex. App.—Austin 2022, pet. denied) (quoting *Texas Dep't of Fam. & Protective Servs. v. Dickensheets*, 274 S.W.3d 150, 156 (Tex. App.—Houston [1st Dist.] 2008, no pet.)).

We conclude that Texas Mutual has not carried its heavy burden to show that Section 410.258 unduly interferes with the judicial branch so that that branch cannot effectively exercise its constitutionally assigned powers. When under Section 410.258 a court of appeals declares a trial-court judgment void and dismisses the appeal of that judgment, the trial court after receiving the appellate court's mandate resumes or retains plenary power to render a valid judgment. *See Harris County v. Dogan*, No. 01-22-00079-CV, 2023 WL 3311167, at *4 (Tex. App.—Houston [1st Dist.] May 9, 2023, no pet.) (mem. op.). This sequence means that Section 410.258 does not prevent trial courts from signing judgments at all; it simply requires any judgment to be "entered," *see* Tex. Lab. Code § 410.258(f), only after the Division has had its proper chance to intervene.

In all, we hold that the trial court's judgment here is void under Section 410.258.

## II. The appropriate remedy is declaring the judgment void and dismissing the appeal.

Because the judgment here is void, we cannot proceed to the merits of this appeal. *See Freedom Commc'ns*, 372 S.W.3d at 623; *Owens*, 907 S.W.2d at 486. The usual course is to declare the judgment void and dismiss the appeal. *See Freedom Commc'ns*, 372 S.W.3d at 623; *Owens*, 907 S.W.2d at 486; *Newsom*, 213 S.W.3d at 379–80; *Waite*, 150 S.W.3d at 800. Texas Mutual has not expressed a preference between abatement and dismissal, arguing instead that neither is appropriate because the judgment is not void.

For their part, the Lairds suggest that we could abate the appeal, but we are not persuaded. They first rely on our power under Rule of Appellate Procedure 27.2 to deal with

11

"premature" actions taken before a final judgment is rendered. But here, finality is not the jurisdictional problem. The void judgment is still a final judgment. *See Newsom*, 213 S.W.3d at 379. Rule 27.2 thus is inapt.[9] *See Malone v. PLH Grp., Inc.*, 570 S.W.3d 292, 296–97 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

The Lairds next try to analogize Section 410.258 to statutes that require pre-suit notice to the defendant to discourage litigation and encourage settlement. *See Hines v. Hash*, 843 S.W.2d 464, 468–69 (Tex. 1992) (DTPA); *Schepps v. Presbyterian Hosp. of Dall.*, 652 S.W.2d 934, 938 (Tex. 1983) (Medical Liability Act predecessor). But in those instances, it was significant that the statutes at issue lacked express consequences for noncompliance. *See, e.g.*, *Hines*, 843 S.W.2d at 468–69. By contrast, Section 410.258(f) expressly makes noncompliant judgments void, which was significant enough a feature for the Supreme Court to distinguish the statute from a nearby, consequence-less statute also within the Texas Workers' Compensation Act. *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 962 (Tex. 1999) (per curiam). The Lairds' analogy thus does not hold, and we must enforce Section 410.258(f)'s voidness consequence.

Nothing before us dissuades us from the usual course when faced with an appeal of a void judgment. We declare the judgment here void and dismiss this appeal.[10]

---

[9] So are the cases that the Lairds rely on that involve abatements for non-final judgments.

[10] We note that though the Lairds suggested abatement in their motion to dismiss, when it came time for their reply in support of the motion, they jettisoned abatement and asked only for dismissal of the appeal.

**CONCLUSION**

We declare the trial court's judgment void and dismiss this appeal.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed on Appellees' Motion

Filed:   October 16, 2024